## CHARLES T. HILLYER

*v.*

## DELIA O. LEWIS *et al.*

PRACTICE IN SUPREME COURT—*presumption as to evidence in chancery case.* In a chancery case, where it appears there was enough proper evidence to sustain the decree of the court, it will be presumed the court refused to consider any improper evidence that may be found in the record.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill filed by Hillyer against Delia O. Lewis, John R. Lewis and Nicholas Walsh, to foreclose a mortgage. The court below found against the complainant as to the second note claimed to have been due and unpaid.

Mr. CALVIN H. FREW, for the appellant.

Mr. E. C. GRAY, and Mr. Z. S. SWAN, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The only contention in this case is, whether the second note in the series described in the mortgage sought to be foreclosed had in fact been paid. On this question the testimony is quite conflicting. Of the three notes mentioned in the mortgage, the first one was paid and surrendered up. Neither the second nor the third note was produced on the hearing of the cause. Both of them, it is claimed, were destroyed by fire.

Baldwin, the collecting agent of complainant, testified the second note was mislaid, lost, or stolen from his office, and that the third one was destroyed by a fire, in 1871, that consumed the office of witness, and its contents. Evidence was offered by defendant tending to show the second note had been surrendered to defendant; that it was delivered to the witness, Gray, marked on the face, paid, which acknowledgment was or purported to be signed by Baldwin, and that it was destroyed by fire in October, 1874.

Excluding all testimony it is claimed was improperly admitted, there still remains enough to sustain the decree of the court. It will be presumed the court, on the hearing, considered only legitimate evidence, and excluded from its consideration all testimony not properly admissible. It is for this reason it has been held, in chancery causes, not to be error for which the decree should be reversed, the court may have admitted irrelevant testimony.

Where it appears there was enough proper evidence to sustain the finding, the presumption will be indulged the court refused to consider any improper evidence that may be found in the record. *Swift* v. *Castle*, 23 Ill. 209.

The decree will be affirmed.

*Decree affirmed.*