NANCY JEFFERSON

*v.*

THOMAS JEFFERSON.

*Filed at Ottawa November 17, 1880.*

1. ASSIGNMENT OF ERROR *which does not affect the party complaining.* Where the trial court, upon the hearing of a suit in chancery, dismisses the bill as to a part of the defendants, and enters a decree against the others, the latter alone taking an appeal can not assign for error the dismissal of their co-defendants from the case.

2. SAME—*admission of incompetent evidence in chancery.* Where the record in a suit in chancery contains competent evidence sufficient to sustain the decree, it will be presumed the court, on the hearing, rejected any incompetent evidence which may have been admitted, and rendered the decree upon evidence that was competent. So, in such case, although the court may have admitted incompetent evidence upon the hearing, there being no jury, that is no ground for reversal.

3. NOTICE—*by possession of land.* Where a purchaser of a part of a tract of land by parol, erected a house upon the portion purchased, and entered into possession, residing on the premises and cultivating the same, such possession was held to afford notice to a person residing on the tract from which the part so purchased was taken, of the rights of the purchaser under his contract.

4. CONTRACT—*whether a sale or a gift.* A person being indebted to his son in a certain sum of money, proposed to him that he would convey to him a certain tract of land in discharge of the debt, provided the son would erect a house upon the land. The son accepted the proposition and performed the condition, and entered into the occupancy of the premises. The transaction was construed to be a purchase of the land by the son, and not a mere gift by the father.

5. DOWER—*how affected by a conveyance of land, and reconveyance to the wife, subsequent to a sale without conveyance.* The owner of a tract of land sold the same to his son, by parol, agreeing to convey upon the performance of a certain condition by the son. The condition was duly performed. Subsequent to this sale, and without having conveyed to the son, the father, together with his wife, conveyed the same land to a third person, who immediately reconveyed to the wife, in fee. After the death of the father, the son filed his bill in chancery against the second grantee—the widow—to compel a conveyance of the land to him in fulfillment of his parol contract of purchase from his father. It was *held*, the complainant was entitled to the relief sought, except

that the widow, the holder of the legal title, should hold her right of dower in the land, notwithstanding the conveyance by her husband, and her joining therein, and the conveyance from their grantee to herself. In that regard the title was considered as remaining in the same condition as though those conveyances had not been made.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. C. H. WOOD, and Mr. M. B. WRIGHT, for the appellant:

1. The court permitted incompetent testimony to be admitted against the objection of appellant.

The bill sets up that the appellant claims as devisee under the will of her husband, as well as grantee. Claiming in the first capacity, Thomas Jefferson was an incompetent witness as against her. *Boynton* v. *Phelps*, 52 Ill. 211; *Merrill* v. *Atkins*, 59 id. 20; *Langley* v. *Dodsworth*, 81 id. 86; *Marshall* v. *Peck*, 91 id. 187.

The declarations of a grantor, made after the grant, are not admissible in evidence to prejudice the rights of the grantee. *Simpkins* v. *Rogers*, 15 Ill. 397; *Rust* v. *Mansfield*, 25 id. 338; *Myers* v. *Kinzie*, 26 id. 36.

2. There are no sufficient facts in the record to entitle the appellee to any decree in his favor.

It is not enough that a party, seeking to enforce a parol agreement to convey land, was previously in possession under a lease, or in any other manner, but it must affirmatively appear that he obtained possession under the agreement relied on, and in part performance of it. *Wood* v. *Thornley*, 58 Ill. 465.

There was no real consideration paid to apply on this land. The appellee received from his father more money than he sent the latter while in the army.

Slight and temporary improvements or trivial outlays do not raise an equity in favor of the donee to have the gift enforced, nor where the expenditure was not made in consequence of the gift, or where the donee has been compensated

for his outlays by the rents and profits. The gift must be established by certain and unmistakable evidence. Proof merely that the donee has received permission and made improvements will not furnish sufficient ground for specific equitable relief. Pomeroy on Specific Perf. sec. 131; *Worth* v. *Worth,* 84 Ill. 442; *Rolls* v. *Rolls,* 82 id. 243; *Wood* v. *Thornley,* 58 id. 464.

The unreasonable delay of appellee is sufficient ground for the denial of relief. *Taylor* v. *Merrill,* 55 Ill. 52.

3. The court erred in decreeing that Nancy Jefferson should make a deed of the land in fee to the appellee and deliver him possession without protecting her dower in the same. *Francisco* v. *Hendricks,* 28 Ill. 64; *Nicoll* v. *Ogden,* 29 id. 386; *Nicoll* v. *Miller,* 37 id. 338.

Mr. JAMES FLETCHER, Messrs. KAY & EVANS, and Mr. GEORGE B. JOINER, for the appellee:

1. The heirs of Thomas Jefferson were not necessary parties, as the fee was in Nancy Jefferson by virtue of the conveyance to her. Therefore, the evidence of appellee was competent against her. *Draper* v. *McFarland,* 1 Gilm. 310.

2. The appellant has no dower in the premises. By the conveyance of her husband and self to Savage she parted with her dower right, and by the conveyance of Savage and wife to her, she had the absolute fee, and Hamilton Jefferson only a life estate in it. She took the fee subject to all the equities of the appellee.

3. But if she was entitled to dower, she nowhere in her answer claims dower, but the absolute fee. Unless claimed by answer or cross-bill, there was no error in not protecting the same in the decree. *Tibbs et al.* v. *Allen,* 27 Ill. 119; *Wright* v. *Dunning,* 46 id. 275; *Roots* v. *Graham,* 23 id. 81; *Price* v. *Blackman,* 65 id. 386; *Norman* v. *Huddleston,* 64 id. 11; *Titsworth* v. *Stout,* 49 id. 78; Story's Eq. P. secs. 391, 392; Bigelow on Estoppel, 340.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Thomas Jefferson, in the circuit court of Iroquois county, against Nancy Jefferson, to enforce the specific performance of a contract for the conveyance of a tract of land in that county, made between Hamilton Jefferson and complainant, and also to compel the defendant, Nancy Jefferson, who had acquired a deed of the land subsequent to the contract, to convey all her right, title and interest in the land to the complainant.

The amended bill alleges, that on or about the month of May, 1872, one Hamilton Jefferson, father of the complainant, then in full life, but since deceased, and then being indebted to complainant in the sum of $700, entered into a verbal agreement with complainant, that he, the said Hamilton Jefferson, in consideration of the said $700 which he owed complainant, and for the further consideration that complainant would build a house upon the following described land, to-wit, the south-east quarter of the north-west quarter of section 13, township 26, range 14 west of the 2d principal meridian, in Iroquois county, Illinois, he would make and deliver a deed to the said land, together with the north-west quarter of the south-east quarter of said section, township and range aforesaid, when complainant should build said house aforesaid. That the complainant accepted said agreement, and then and there agreed that in consideration of the conveyance to him by deed of the lands aforesaid, by the said Hamilton Jefferson, he would build said house and acquit his said father of the payment of said sum of money. Complainant avers that in pursuance of said agreement, he did, in the fall of 1872, build the said house upon the land first above described, according to the desire and wish of said Hamilton Jefferson, and in accordance with said agreement.

Complainant further avers that upon the making of said agreement he took possession of both of said tracts of land,

and cultivated them in the year 1872; that upon the completion of said house he moved in and occupied said house for a long space of time, and still has possession thereof; that he set out and cultivated an orchard on the land upon which said house was built, and other valuable improvements made upon both of said tracts of land.  Avers that it was the intention of both the said Hamilton Jefferson and complainant that both of said tracts of land should constitute one farm for the use and benefit of complainant; that the building of said house was for the benefit and improvement of both tracts of land, and that the house so built was worth $400.

Complainant avers that, on the 27th day of October, 1874, the said Hamilton Jefferson and Nancy, his wife, without any legal consideration, by deed duly signed, acknowledged and delivered, conveyed to one James C. Savage the lands aforesaid, claimed by complainant, together with other lands; that the consideration in said deed mentioned is one dollar; that on the day and year last aforesaid the said James C. Savage and Letitia C., his. wife, reconveyed said land claimed by complainant, together with the other lands, to Nancy Jefferson; that said deed·bears the consideration of one dollar, but complainant avers that there was, in fact, no consideration passed for said deeds; that both the said Savage and the said Nancy Jefferson had notice of his rights to said lands so claimed by him as aforesaid;  and avers that he has the right to have the legal title in and to said lands which the said Hamilton agreed to convey to him, conveyed to him by the said Nancy Jefferson and other defendants.

The defendant, Nancy Jefferson, put in an answer to the bill, in which she denied the contract relied upon by complainant and set up in the bill.  She admitted that there was no consideration for the deed from Hamilton Jefferson to Savage, but alleges that the object was to place the title to the lands in her; that there was a good and valuable consideration passed from her to her husband for the conveyance.  She also

denied that she had notice of complainant's title when she received a deed for the lands, and set up the Statute of Frauds.

To the answer complainant filed a replication, and the court, on the hearing, rendered a decree requiring the defendant, Nancy Jefferson, to convey the lands described in the bill to complainant, to reverse which she prosecuted this appeal.

It is contended by appellant that the court erred in dismissing the bill as to the heirs of Hamilton Jefferson. The heirs of Hamilton Jefferson have not joined in this appeal, and have made no complaint in regard to the decision of the court in dismissing them out of the case, and as the decision of the court can in no manner prejudice the rights of appellant, she has no right to complain of an error that does her no harm.

It is also contended that the court permitted incompetent testimony to be admitted against the objection of appellant. Although the court may admit incompetent evidence on the trial of a cause in equity where there is no jury, the admission of such evidence is no ground for reversing the decree. Where the record contains competent evidence sufficient to sustain the decree, we will presume the court, on the hearing, rejected all incompetent evidence and rendered the decree upon evidence that was competent.

We now come to the main point in the case, and that is, whether the evidence incorporated in the record is sufficient to sustain the decree.

The complainant, in substance, testified that while he was in the army, he sent to his father, Hamilton Jefferson, $400. He also let his father have a note on one Wiley Short, upon which he collected $300; that in the spring of 1872, Hamilton Jefferson agreed to let him have the eighty acres of land—south-east of north-west and north-west of the south-east quarter of section 13, township 26, range 14,—for the money he had received, if the complainant would build a house

upon it; that he would make the deed when the house was built.

The complainant also testified, that in pursuance of the contract he went into possession of the land, and built a house worth $400, and planted out an orchard, and made other improvements. In regard to the fact that complainant let his father have $400 in money while he was in the army, and $300 that was collected of Short, there would seem to be but little doubt, as the fact seems clearly proved by several witnesses who had different conversations with Hamilton Jefferson in regard to the matter. In regard to the fact that Hamilton Jefferson agreed to convey complainant the eighty acres of land in question, upon the consideration stated by complainant, that seems also to be fully proven by the declarations of Jefferson to various persons.

James Quick, who was requested by Hamilton Jefferson to go with him and look at the house, while complainant was building on the land, said: " He (Hamilton Jefferson) asked me what I thought of it; I said I thought the work was done all right; it was plain work; he said Tom was building a better house than he expected he would build. In going back we stopped in the road; he said he told Tom if he would build a house and settle himself he would make him a deed to eighty acres of the land, and he marked it off, and said the two forties cornered together." The same witness in substance said, that in another conversation, some two weeks afterwards, Hamilton Jefferson told him of the money he had received of complainant, and said: " There was an agreement between him and Tom that he was to make Tom a deed for this eighty acres of land that he had described to me, and that Tom was to release him from the money and notes."

David Wright testified that he had a conversation with Hamilton Jefferson about ten days before his death, in which he said: " He was going to give Tom eighty acres of land he had built a house on, to pay for the money. I asked him how

much money he had of Tom; he said between $700 and $800 in money and notes."

Spencer Sager, in substance, testified that Hamilton Jefferson told him he had $700 of complainant's money; that complainant had erected a house, and he was going to convey to him the land.

Other witnesses testified, in substance, to the same facts; but it will not be necessary to refer to their evidence. The evidence seems to fully establish the fact that Hamilton Jefferson received of the complainant $700, and that he agreed to convey the land in question to him if he would build a house upon it, which condition the complainant performed.

There was evidence introduced by the defendant that complainant tried to sell the house he had erected on the land, and that he actually mortgaged it to raise money to go to the Black Hills; and also testimony tending to prove that complainant had received property from Hamilton Jefferson sufficient to pay back the $700. Yet we do not regard the testimony as sufficient to overcome the case made by complainant. The fact that complainant offered to sell the house in 1873 does not necessarily establish the fact that he did not own the land, and the property he received from Hamilton Jefferson seems, from the testimony of complainant, to have been received on other transactions.

It may be contended that the defendant received a conveyance of the land without notice of complainant's rights, and hence is entitled to be protected as an innocent purchaser. When the defendant took possession of the land, and erected his house, in 1872, the defendant resided upon a part of the farm from which the land in question was taken, and was fully aware of the fact that the defendant had gone into the possession of the land. This, of course, would be sufficient notice to her of defendant's rights in the property. But in addition to this, it was proven by her own admissions that she knew of the existence of the contract made between

Hamilton Jefferson and the complainant. Under such circumstances it is clear that the defendant can not be regarded as a purchaser without notice of complainant's rights in the land.

But it is contended that the complainant is attempting to enforce a gift, and that the improvements which he made upon the land were so trivial that they do not raise an equity in his favor. The bill, as will appear upon an examination of its allegations, was not filed to compel the enforcement of a gift, but on the other hand complainant bases his right to a decree upon the fact that he was a purchaser, and we are of opinion that the testimony establishes the fact that complainant bought the land for $700, which he paid, and upon the agreement on his part that he would erect a house upon it, which he did. Here, there was a purchase, the purchase money paid, and possession taken under the contract. Such a contract a court of equity will enforce.

The decree, however, is erroneous in one respect, for which it will have to be reversed. It requires the defendant to convey the land to the complainant and surrender possession to him. Such a decree would bar her right of dower, which can not be done. It is true she claimed the fee, but notwithstanding that she is entitled to dower in the premises, unless she has released it in the mode provided by law. The conveyance from Hamilton Jefferson and wife to Savage, and from Savage to defendant, did not convey the title to the land as against complainant; nor can it be held to cut off defendant's right of dower. The rights of complainant and the defendant were unaffected by these deeds, but they remain in the same condition as they would if no such deeds had been made.

The decree will be reversed, and the cause remanded, with directions to the circuit court to enter a decree in complainant's favor, protecting, however, the defendant's right of dower in the premises.

*Decree reversed.*