### PHILLIPPINA A. RITTER

*v.*

### JOHN G. SCHENK *et al.*

*Filed at Mt. Vernon January 18, 1882.*

1. ERROR WILL NOT ALWAYS REVERSE—*admission of improper evidence.* An error in admitting the evidence of an incompetent witness on the hearing of a chancery case, is no ground of reversal when the record contains other evidence which is competent and sufficient to sustain the decree.

2. CHANCERY—*presumption that only proper evidence was considered.* In chancery cases, it will be presumed that the court disregarded incompetent evidence on the hearing, especially where there is competent evidence on which to base its decree.

3. PAYMENT—*presumption from possession of note by payee.* The possession of a promissory note in the hands of the personal representative of the payee, unexplained, is *prima facie* evidence that it has not been fully paid, and when it is produced in evidence, the burden of proof is on the maker to establish payment, by a preponderance of evidence.

4. SAME—*payment of interest after debt has been paid—effect on rights of parties.* The payment of interest on the amount claimed to be due when the note was in fact fully paid, the holder claiming compound interest, will not conclude the maker from afterwards proving a prior payment in full, where such payment of interest was made in ignorance of his rights.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Madison county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. DAVID GILLESPIE, and Mr. WILLIAM H. JONES, for the plaintiff in error.

Messrs. METCALF & BRADSHAW, for the defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Phillippina A. Ritter, executrix of the estate of Henry Ritter, deceased, in the circuit court of Madison county, against John G. Schenk and Anna Schenk, to foreclose a mortgage on certain lands which had been given by the defendants to Henry Ritter in his lifetime, to secure the payment of four certain promissory notes, dated June 7, 1866: one for $600, due September 1, 1866; one for $400, due January 1, 1867; one for $650, due September 1, 1867, and one for $650, due September 1, 1868. The notes were all payable with interest, at the rate of ten per cent per annum. The bill was filed to foreclose the mortgage for a balance claimed to be due on the note due September 1, 1868, the others having been paid and taken up by the mortgagor before the bill was filed. The defendants in their answer set up payment of the note, and the circuit court, on the hearing, on the evidence, found that the note had been paid, and rendered a decree dismissing the bill. The decree was affirmed in the Appellate Court, and complainant in the bill sued out this writ of error.

On the trial, the evidence of Anna Schenk, the wife of John G. Schenk, was offered and allowed to be read, for the purpose of proving payment of the note by her, as agent of her husband. The admission of this evidence is relied upon as error. We shall not stop to inquire whether the court erred in the admission of this evidence, for the reason that the payment of the note was proven by other testimony, and if the court erred in the admission of the evidence of the wife, such an error is no ground of reversal where the record contains evidence which is competent, sufficient to sustain

the decree.   If the evidence of the wife was incompetent, it
will be presumed the court disregarded it on the rendition of
the decree, and determined the case on the legitimate evi-
dence which was introduced on the hearing, and when this
has been done, and the evidence in the record is sufficient to
sustain the decree, it will be affirmed.

This brings us to the consideration of the evidence in
regard to the payment of the note.   Much reliance is placed
on the fact that the note had never been surrendered to the
defendant, but was in possession of complainant.   The pos-
session of the note in the hands of complainant, unex-
plained, was *prima facie* evidence that it had not been fully
paid, and when the note was produced by complainant, and
offered in evidence, the burden of proof rested on defendant
to establish payment by a preponderance of evidence.   Was
the evidence of defendant sufficient?   If it was, the decree
dismissing the bill was right, and it will have to be affirmed.

It appears that Henry Ritter, the payee of the notes, died
in November, 1870.   Prior to his death the two notes first
due had been paid, and surrendered to Schenk.   After the
death of Ritter, the note in question, upon which no pay-
ments had been made, and the other note for $650, due
September 1, 1867, came into the hands of Herman Ritter,
son and agent of complainant.   On the back of the last
note the following credits were indorsed:   January 1, 1869,
$159.62;   September 11, 1869, $600, which would leave a
small balance due on this note, and the principal, and
interest from the date thereof, due on the note in question
at the time Ritter died, and when the notes came into the
hands of his son for collection.   Subsequently, and on the
31st of January, 1871, a credit of $265 was indorsed on
the note in controversy.   After this payment, and on or
about the 8th day of February, 1872, defendant claims he
paid $800, which discharged · the entire indebtedness.   The
mortgage debt on February 8, 1872, unless the interest was

compounded, which could not be done, would not exceed $800. The defendant testified, clearly, that the sum of $800 was paid. He details the circumstances under which the money was paid; he says he had it in eight packages, of $100 each, and his wife, under his direction, paid it over to Ritter. In regard to the payment of the money, the defendant is corroborated by John Schiple, who was present at the time, and saw the money paid. He testified: "I was present when Mrs. Schenk paid Herman Ritter some money. It was in the month of February, 1872. I was standing in the door at Ritter's lumber yard office, and Mrs. Schenk had some money in a pocket handkerchief. She handed it to him. The money was rolled up in a newspaper, in eight different papers. Ritter opened one package, counted it, and asked Mrs. Schenk how much was in a package. He said, $100 in each roll? She said yes. He counted it, and said there is $800, all right. The reason why I was present at that time is, I had come there to get some lumber. I don't know what Mrs. Schenk paid this money to Ritter for. John G. Schenk and Philip Daum were present at the time the money was paid. Mr. Schenk said, I was here yesterday to pay you the money, but you would not take it because you wanted compound interest,—that is, there was a dispute about compound interest."

Here is the evidence of two witnesses who testify that $800 was paid in February, 1872, and the evidence is not contradicted by Ritter, or any other person. Ritter is unable to state the amount of money he did receive at or about that time. Had he kept a book in which he entered the amount of money received on account of the estate, and had he been able to testify that no such sum of money was received, there might be some ground for calling in question the veracity of the two witnesses upon this point; but such was not the case. Although Ritter remembers the fact that Schenk and his wife, and the witness Schiple, were present at the time men-

tioned, and that money was paid, he has no means of telling the amount paid.  The fact that the note was not surrendered when the $800 was paid, might be regarded as a circumstance tending to show that it was not fully paid, had there been no evidence tending to explain this fact, but the explanation is found in the fact that Ritter computed compound interest on the note, and retained possession of the note because the money paid was not sufficient to discharge the note and compound interest.  Nor do we regard the fact of any importance, that, in 1873, the defendant paid Ritter interest on the balance he claimed to be due.  If the amount due on the note was paid in February, 1872, as the evidence shows it was, the fact that Schenk, in ignorance of his rights, made a subsequent payment, on demand of Ritter, would not conclude him, when sued on the note, from proving a prior payment in full.  We are fully satisfied that the entire amount of the mortgage indebtedness was paid.

The decision of the Appellate Court will be affirmed.

*Decree affirmed.*