## George Voss

*v.*

### Marie L. Venn.

*Filed at Ottawa January 21, 1890.*

New trial—*rehearing in chancery, on the evidence.* The evidence in a suit in chancery was so irreconcilably conflicting that it could not be determined, with any degree of confidence, where the weight of the testimony was. The evidence on the principal issue was heard on oral examination in open court, and giving proper weight to that circumstance, as enabling the chancellor to better judge of the weight which should be given to the testimony of the witnesses, it was considered the decree ought not to be disturbed.

Appeal from the Superior Court of Cook county; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. Walker & Judd, for the appellant.

Mr. Eli B. Felsenthal, and Mr. George W. Smith, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

In December, 1885, appellee, owning the premises in controversy, entered into the following agreement with appellant:

"Chicago, *December, 1885.*

"Agreement entered into between Mrs. Louise Venn and George Voss:

"Whereas, Louise Venn agrees to sell the nine-acre tract m. l., in Jefferson, to George Voss, for $10,500 (ten thousand five hundred dollars), to-wit: Mr. Voss to assume mortgage of $5000, and pay $4500, so as to pay $1000 cash upon sale, and the rest ($4500) in eight years, at six per cent per annum from date of sale, and received on the within $100. Both parties acknowledge the five-year lease to Fred Rippe, from Sept. 1, '85,'-90.                       Louise Venn, [Seal.]

George Voss. [Seal.]"

March 29, 1887, Louise Venn filed this bill to cancel said contract, making appellant defendant. Having answered, he filed a cross-bill, praying for a decree of specific performance against appellee.

The sole issue formed by the bill and answer, and cross-bill and answer, and the replications thereto, is an issue of fact, viz., did appellant, prior to the commencement of the suit, refuse to perform said agreement on his part, or was he at all times ready and willing, and did he offer, to perform the same according to its terms.

It is shown by the evidence that the parties met in the office of Mr. Tripp, in Chicago, on the 31st of March, 1886. Mr. Tripp, who was then acting as attorney for appellant, Mr. Felsenthal, attorney for appellee, the respective parties and others, were present. A conversation was then had between the parties and their attorneys as to consummating or closing up the contract, making a deed, etc. Appellee contends that on that occasion appellant refused to carry out the agreement, because he could not make terms with the tenant in possession of the premises. This appellant denies, and swears that he then insisted upon carrying out the agreement, and that it was not done, for the sole reason that appellee, prompted by her husband, refused to do so. Each of the parties is corroborated by other witnesses and by circumstances proved. It would be difficult to find a case in which the evidence was more irreconcilably in conflict. It is impossible to say, with any degree of confidence, where the weight of the testimony lies. It does appear that the evidence on this issue was heard in open court, on oral examination of the witnesses, and giving proper weight to that circumstance, as enabling the chancellor to better judge of the weight to be given to the testimony of the various witnesses, his finding and decree ought to be affirmed.

*Decree affirmed.*