## BETSY F. BURT

### v.

## WILLIAM H. BURT.

*Practice—Divorce—Desertion—Evidence.*

1. Exceptions in chancery causes may, and in many instances should be taken to pleadings for scandal, impertinence, insufficiency and the like; and exceptions may be taken to reports of masters and receivers, but it is not necessary to preserve exceptions to the rulings of the court in allowing or overruling such exceptions, all of the evidence in the cause and the decree announced by the court being matters of record.

2. It is the correct practice for the chancellor, after the evidence is heard, to regard no portion of it that is immaterial or illegal, and to decide the case alone on the legal evidence adduced.

3. In chancery cases the practice is not to reverse for erroneous rulings in the admitting or excluding of evidence unless it is seen after an inspection of the entire record, that different rulings might have induced a different decree.

4. If there is competent evidence in the record sufficient to sustain the decree, it must be affirmed, and this without regard to whether the chancellor may have been right or wrong in his views of the competency of evidence at the hearing.

[Opinion filed May 5, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. JOHN G. REID, for appellant.

Messrs. CASE, HUDD & HOGAN, for appellee.

Burt v. Burt.

WATERMAN, J. Exceptions in chancery causes may, and in many instances should be taken to pleadings for scandal, impertinence, insufficiency, etc. Exceptions may also be taken to reports of masters and receivers; but it is not necessary to preserve exceptions to the rulings of the court in allowing or overruling such exceptions. Flaherty v. McCormick et al., 123 Ill. 525. All of the evidence in the cause and the decree announced by the court are matters of record.

It is the correct practice for the chancellor, after the evidence is heard, to regard no portion of it which is immaterial or illegal, and to decide the case alone on the legal evidence adduced. Swift et al. v. Castle, 23 Ill. 209; Hillyer v. Lewis, 81 Ill. 264; Smith et al. v. Long, 106 Ill. 485.

In chancery cases the practice is not to reverse for erroneous rulings in the admitting or excluding of evidence, unless it is seen, after an inspection of the entire record, that different rulings might have induced a different decree. Willemin v. Dunn et al.; 93 Ill. 511.

If there is competent evidence in the record sufficient to sustain the decree, it must be affirmed, and this without regard to whether the chancellor may have been right or wrong in his views of the competency of evidence at the hearing. Treleaven v. Dixon, 119 Ill. 551; Tunison v. Chamblin, 88 Ill. 378; Jefferson v. Jefferson, 96 Ill. 551; Ritter v. Schenk et al., 101 Ill. 387.

We have carefully examined the record in this cause, and are of the opinion that the decree of the chancellor is sustained by it.

The witnesses testified orally in the presence of the court, and the chancellor for that reason was in a better position than can be a reviewing court to determine what the truth as to the controverted facts is. Voss v. Venn, 132 Ill. 14.

The decree of the court below is affirmed.

*Decree affirmed.*

MORAN, P. J. I do not concur. I think there was no desertion.