## Rudolph Gerber v. Rebecca Gerber.

1. DEFENSES—*Former Suit Pending.*—Where a wife in a bill for divorce states that she once before filed a bill for the same purpose, which "she consented to dismiss," but whether she ever did dismiss it her bill does not state, and in his answer the husband "denies each and every allegation therein contained except as to the fact of said marriage having taken place between these parties," no record of any former suit being in evidence, it is not a sufficient showing of a former suit pending.

**Memorandum.**—Bill for divorce. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

B. M. SHAFFNER, attorney for appellant.

WALKER & DAVIS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee filed this bill for divorce charging extreme and repeated cruelty.

The court upon conflicting testimony, seeing the witnesses (Burt v. Burt, 40 Ill. App. 536), found "that all tl e material facts alleged in said bill are true, and that the defendant has been guilty of extreme and repeated cruelty as therein set forth," and upon that entered a decree for a divorce, and that she be allowed to resume her former name. No alimony, no custody of children, not even her costs in the court below (for the decree is silent as to costs) are involved; but she was a widow with some money, and he has none.

Her bill states that she once before filed a bill for divorce from him which "she consented to dismiss," but whether she ever did dismiss it her bill does not state; and his answer to the present bill "denies each and every allegation therein contained, except as to the fact of said marriage having taken place between these parties." No record of

any former suit is in evidence. There is but a slender foundation for the argument of the appellee as to the effect of a former suit.

There is no ground for disturbing the decree appealed from and it is affirmed.