### John Melink v. John Coman.

#### Gen. No. 11,075.

1. INDEBTEDNESS—*what prima facie evidence of, upon written instrument.* The possession of a written instrument providing for the payment of money is *prima facie* evidence that the debt contracted therein is unpaid; upon the production in evidence of such an instrument the burden of proof shifts.

2. COMPUTATION OF INTEREST—*by whom made.* Technically, the computation of interest should be left to the jury; practically, it is a matter of evidence. The latter course may be pursued without the commission of reversible error.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 14, 1904.

C. S. O'MEARA, for appellant.

JOHN F. POWER, for appellee.

Statement by the Court. On the trial of this assumpsit, Coman produced and put in evidence the following written instrument:

"This agreement made this 2nd day of May, 1900, by and between John Coman, party of the first part, and John Melink, party of the second part, both of the City of Chicago, County of Cook, and State of Illinois. John Coman does hereby sell all right, title and interest and good will of the trade of the saloon located at 99 West Harrison street, Chicago and everything belonging to him, such as wines, liquors, cigars, glasses and other utensils, free and clear of all incumbrances, for the sum of four hundred and fifty dollars, to the party of the second part, to be paid as follows: One

hundred dollars ($100) to be paid cash down, the receipt whereof is hereby acknowledged, and one hundred and fifty dollars ($150) to be paid in four months from date hereof, and two hundred dollars ($200) in twelve months from date, providing that said John Melink wishes to retain the place; and it is agreed that if said John Melink does not hold the place for the twelve months, by the rent being raised and being put out by the landlord, fires, or any other causes, he will not have to make said last payment, and the aforesaid property will then only cost John Melink two hundred and fifty dollars ($250).

(Signed)      JOHN COMAN,
              JOHN MELINK."

And then rested.

Appellant testified that he remained in possession of the premises more than twelve months following the date of such instrument, and then rested.

The court directed the jury to return a verdict for the plaintiff for $200 and $12 interest. This they did. Judgment was entered, and defendant took this appeal.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant says there is no evidence in the record that the amount of the judgment was due and unpaid. He has mistaken the legal effect of the possession of an instrument for the payment of money. Such possession is *prima facie* evidence that the debt therein set forth is unpaid. Stewart v. Fellows, 20 Ill. App. 620. When this instrument was put in evidence the burden of proof shifted to the defendant. Witner v. Zeman, 30 Ill. App. 198.

" The objection is that no evidence was offered as to the ownership of the notes and trust deed introduced by Rudert, and no evidence that said notes were still unpaid. The possession of the notes and trust deed, and their introduction in evidence by Rudert constitute *prima facie* proof of ownership. Stiger v. Bent, 111 Ill. 328. The same is true as to payment. The introduction of the uncancelled notes by the party claiming thereunder is *prima facie* evidence that they are existing liabilities." Morris v. Calumet, etc., 91 Ill. App. 441.

The rule is too familiar to justify further citations.

The computation of the interest might have been left to

the jury. In practice it is usually stated by the attorney for the plaintiff, without oath, in the presence and hearing of the jury. Evans v. Murphy Varnish Co., 59 Ill. App. 88.

The judgment of the Superior Court is affirmed.

*Affirmed.*