S. C. Lurie, Appellant, v. John K. Newhall, Appellee.

Gen. No. 10,150.

Opinion filed
September 26, 1947. Rehearing denied February 3, 1948. Released for publication February 3, 1948.

AARON SOBLE, of Chicago, for appellant; JEROME S. KLEIN, of Chicago, of counsel.

DAVID B. GIVLER, of Aurora, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal by plaintiff, S. C. Lurie, from an order of the circuit court of Kane county denying recovery on a guaranty of a note in a proceeding against the defendant guarantor, John K. Newhall.

The sole issue presented herein is whether the judgment of the circuit court, in a trial without a jury, holding that the note in controversy was paid, was against the weight of the evidence.

In a cause tried by a court without a jury, the findings may not be set aside unless they are clearly or manifestly against the weight of the evidence. (*Johnson for use of Marietta v. Western Casualty & Surety Co.*, 329 Ill. App. 403; *Marble v. The Estate of Marble*, 304 Ill. 229.)

It is the province of this court, therefore, to review the record in order to determine whether the

findings of the circuit court, and the judgment predicated thereon, were supported by, and in accordance with, the weight of the evidence.

The relevant facts and circumstances appearing in the record indicate that on September 15, 1930, the Kellman-Sycamore Company, by its secretary-treasurer, the defendant John K. Newhall, executed and delivered its promissory note for the sum of $2,500 payable to the order of the First National Bank of Sycamore, and due six months after date at an interest rate of 7 per cent per annum.

On the reverse side of the note the defendant, John K. Newhall, executed his personal guaranty of the payment of the note, which provided:

"For value received, I hereby guarantee the payment of the within note at maturity, or any time thereafter, or any renewal of same, waiving demand, notice of payment, protest and diligence in collecting, and hereby agree to pay all costs and expenses paid or incurred in collecting the same."

The face of the note bears a stamp, conceded by defendant to be that of the bank, which reads, "Paid by renewal, March 14, 1931, to the First National Bank of Sycamore, Illinois."

The evidence further includes a second note dated March 15, 1931—the day immediately following that on the renewal stamp, and the due date of the original note—which was executed and delivered by the Kellman-Sycamore Co. to the bank. The note was prepared on the same form, for the identical amount and duration, and at the precise interest rate as the original note. A third note dated, September 15, 1931 —the due date of the second note—identical in all other respects to the second note, was also introduced in evidence. The second and third notes, however, do not bear defendant's personal guaranty.

Plaintiff purchased these three notes, which were clipped together and listed as a single asset of the

bank, from the receiver at an auction sale approved by a court order on September 2, 1938.

Suit was instituted by plaintiff on April 18, 1940, against defendant John K. Newhall on his personal guaranty of the note dated September 15, 1930, on the theory that this note was unpaid and renewed by the subsequent notes of March 15, 1931 and September 15, 1931, and that defendant's guaranty of the original note, by its terms, included all renewals thereof.

Defendant denied liability on the ground that the note dated September 15, 1930 was paid by the Kellman-Sycamore Co. In support of this contention defendant testified, in substance, that he signed the guaranty upon the oral understanding with a Mr. Waterman, president of the bank, and also principal stockholder and director of the Kellman-Sycamore Co., that he would guaranty it for six months only, and that in the interim the bank would sell certain bonds of the company to pay the note; that said Mr. Waterman orally advised defendant at some time prior to March 14, 1931, that the note was paid; and that the stamp bearing the words "Paid by renewal" was placed on the note in error.

On the basis of the foregoing facts and circumstances the circuit court found that the defendant had proved payment of the note and was not liable thereon.

█ It is an established rule of law that presentation of an instrument is prima facie evidence that the debt therein set forth is unpaid, and the burden of proof is thereupon shifted to the defendant. (*Melink v. Coman,* 111 Ill. App. 583; *Robison v. Bailey,* 113 Ill. App. 123; *Ritter v. Schenk,* 101 Ill. 387.)

In the instant cause the execution and delivery of the note dated September 15, 1930, by the Kellman-Sycamore Co., and the guaranty thereof by defendant, are clearly established by the evidence. Defendant's

guaranty, moreover, expressly includes "any renewal of same," hence, any alleged oral understanding that the guaranty was limited to six months is contrary to the clear and unambiguously expressed intent of the parties, and the plain terms of their contract.

Furthermore, plaintiff offered both direct and circumstantial evidence tending to establish that this note of September 15, 1930, was renewed by the subsequent notes of March 15, 1931 and September 15, 1931. The note bears on its face the bank stamp which recites that it was "paid by renewal." This banking phrase and practice has an established meaning recognized in judicial decisions. In *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Cardwell,* 287 Ill. App. 227, the court stated at p. 245:

"We are justified in taking judicial notice of the fact that it is the practice of banks when they take a renewal note to mark the surrender note paid. The general rule is that where a note is given merely in renewal of another note and not in payment, the renewal note does not extinguish the original debt nor change the debt except that it postpones the time for payment."

Plaintiff's contention that the note guaranteed by defendant was renewed rather than paid is further substantiated by the fact that on March 15, 1931—the day immediately following that indicated on the renewal stamp, and the precise date on which the obligation was due—the Kellman-Sycamore Co. executed and delivered a second note payable to the bank for the same amount and duration, and at the identical interest rate as the original note. Thereafter, on the due date of this second note, September 15, 1931, the Kellman-Sycamore Co., executed a third note, identical in all respects to the second note. The sequence of these identical notes, and the fact that none of them were marked "Paid," and all three apparently remained in the possession of the payee bank, are clearly

circumstances suggesting a renewal of the original obligation. This interpretation, moreover, is corroborated by the testimony of Charles E. Day, the particular receiver who sold the notes to plaintiff, who stated that the three notes, executed by the Kellman-Sycamore Co., were listed and clipped together as a single asset of the bank when he acquired possession of them.

Under the foregoing circumstances, plaintiff clearly established a prima facie case for recovery against defendant on his guaranty of the original note of September 15, 1930, and it was thereupon incumbent upon defendant to establish the affirmative defense of payment in order to avoid liability thereon. (*Ritter v. Schenk*, 101 Ill. 387; *Robison v. Bailey*, 113 Ill. App. 123; *Melink v. Coman*, 111 Ill. App. 583.)

The only evidence offered by defendant was his own testimony, whereby he claimed that the note he guaranteed was paid with the proceeds from the sale of company bonds, which were apparently given to the bank for that purpose. Defendant, however, had no knowledge of when the original note was paid by the Kellman-Sycamore Co., although he was secretary-treasurer of the company; nor even whether any funds were, in fact, applied by the bank to the payment of the note of September 15, 1930. Moreover, he admittedly made no attempt to take up the note either at the time it was allegedly paid, or thereafter when he examined, on behalf of Carl Kellman, the list of bank assets offered for sale.

The sole basis of his contention that the note was paid, therefore, is the alleged statement by the president of the bank, who had the dual interest of being the principal stockholder and director of the Kellman-Sycamore Co., that the note was paid some time prior to March 14, 1931. This unsworn, out of court statement by one not a party or witness in the

cause, or subject to cross-examination, admitted in evidence by the trial court over plaintiff's objection, is clearly hearsay evidence, and is, at best, of doubtful probative value.

Defendant explained the bank stamp "Paid by renewal" appearing on the face of the note of September 15, 1930, as an "error," and claimed that it should have been stamped "paid." This bald assertion is uncorroborated by a shred of evidence, and, as the party attacking the authenticity of the bank stamp, defendant had the burden of proving that it was placed on the note without authority or inadvertently.

Nor did defendant reasonably account for, or explain, the execution of identical notes on both the due date of the original note, and of the second note. Defendant admitted at the trial that the third note might have been a renewal of the second note, but as for the second note, defendant stated in a pre-trial deposition that it was given to the bank as consideration for his release on his guaranty, whereas, on cross-examination, defendant stated that this second note was executed for a new loan. Defendant, however, did not know whether such a loan was in fact made by the bank to his company.

From the foregoing testimony, it is not clear to this court why, if the original note which defendant guaranteed was, in fact, paid with cash from the sale of company bonds, it was necessary to give the second note of March 15, 1931, for his release on his guaranty as defendant stated in his deposition; nor why, if the second note was given for a new loan, as defendant stated at the trial, he, as secretary-treasurer of the company and signer of the note, had no knowledge of the circumstances of the loan, or even whether it was actually made. Nor is it clear why defendant, as a lawyer familiar with banking practice, made no attempt to retrieve the note bearing his personal guar-

anty, either after it was allegedly paid, or when he examined, on behalf of Carl Kellman, the list of bank assets to be sold by the receiver at the auction.

It is the judgment of this court that defendant's testimony, consisting predominantly of conclusions, inconsistencies, and the out of court statement of one not a party or witness to the proceeding, did not establish the affirmative defense of payment, and that the clear weight of the evidence is in favor of the plaintiff.

Plaintiff presented a note, guaranteed by defendant. The guaranty specifically included all renewals of the note. The note was stamped by the bank "paid by renewal," which, according to banking practice indicated merely that the time for payment was postponed. An identical note was executed and delivered by the maker to the payee bank on the due date of the original note; and on the due date of this second note another identical note was executed. None of the notes were marked paid or cancelled, and all remained outstanding in the possession of the payee bank, and were properly acquired through purchase by plaintiff from the bank's receiver who held them clipped together as a single asset of the bank.

On the basis of the foregoing analysis, it is the opinion of this court that the circuit court erred in finding that the note was paid, and, therefore, the judgment predicated thereon, denying plaintiff recovery against the defendant guarantor, should be reversed and remanded. The circuit court is directed to enter herein judgment for plaintiff and against defendant in amount found due the plaintiff.

*Judgment reversed and remanded.*