# HIRAM PRICE

*v.*

# MARCUS H. BLACKMORE *et al.*

1. CHANCERY—*relief granted must be consistent with the frame of bill and the equity of the case, as shown by the proofs.* Where the general frame of a bill and the proofs show that the complainant is entitled to the relief named first in the prayer, it will not be error to refuse him the alternative relief prayed for which is inconsistent with the allegations of his bill and the evidence.

2. SAME—*defendant can not obtain affirmative relief except on cross-bill.* Two mortgagees, on account of irregularities in the proceeding to foreclose, agreed to procure a conveyance from the mortgagor, for their joint benefit, in order to obviate the supposed defects in the proceedings, and one of them procured a deed to himself, and refused to convey one-half of the title thus acquired to the other. The latter filed his bill to compel the conveyance, and the court decreed that complainant pay defendant one-half of the expense incurred in procuring such title, and awarded execution, in favor of defendant, for its collection: *Held,* that the court erred in awarding execution against complainant, as the defendant had not filed any cross-bill seeking for affirmative relief.

3. SAME—*costs.* Where the complainant and defendant, having a joint interest or equitable claim to lands, agreed to procure a deed on their joint account, and the defendant took the conveyance in his own name, and denied the complainant's right to a conveyance until after suit, and until the

evidence was taken showing the complainant's right: *Held*, that, in grant-ing relief to the complainant, it was not equitable to render a decree against him for costs.

4. ·INTEREST—*on relief in equity.* Where two parties, having each an equitable claim to land, agreed to procure a conveyance from another party to perfect their title on joint account, each to share equally in the expense of procuring the same, and in the benefits, and the defendant pro-cured the conveyance to be made to himself, denying the right of the com-plainant, and refused to furnish complainant with an account of the expense of procuring the same, the complainant being always ready to pay the same: *Held*, on bill by complainant to compel the defendant to convey one-half of the title thus acquired, that a decree requiring com-plainant to pay interest on his half of the expense of procuring such con-veyance was erroneous.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was a bill in chancery, by the plaintiff in error, against Marcus H. Blackmore, Robert Lowry, Elizabeth Lowry and John F. Dillon.

The bill alleged the execution of a mortgage by Blackmore to complainant and Robert Lowry, to secure the payment of $20,000, on certain described lands, and sets forth proceedings to foreclose the same for the unpaid balance due, which re-sulted in a decree and sale of the premises to Dillon; that Dillon was a mere nominal purchaser for complainant and Lowry; that, before the attempted foreclosure, Blackmore conveyed, by deed, one-half his interest in the mortgaged lands to Eleanor B: Collins, wife of William S. Collins, who were not made parties to the foreclosure; that, by reason of mistakes in the publication of notice, the court acquired no jurisdiction over Blackmore, and, therefore, the proceedings were null and void; that, as soon as these irregularities be-came known, complainant and Lowry agreed to procure deeds, at their joint expense, from Blackmore, and Mrs. Col-lins and her husband, and did so procure a deed from the Collins; that, afterwards, Lowry procured a deed from Black-more to himself alone, and refused to convey any portion to

complainant; that complainant had always been ready and had offered to pay one-half of the expenses of procuring said last deed; and that complainant and Lowry were equal partners in the whole matter. The prayer was, that an account be taken of the expenditures of both complainant and Lowry, in procuring deed from Blackmore, and a balance struck, and that Lowry and wife be compelled to transfer one-half of the interest derived by the Blackmore deed to complainant, and that the mortgage be declared satisfied and the certificate of purchase void, and, alternatively, that the former proceedings be declared void and the mortgage foreclosed.

The defendants answered, but filed no cross-bill for affirmative relief. The other material facts bearing upon the points decided, are stated in the opinion.

Mr. CHARLES M. OSBORN, and Mr. W. C. GOUDY, for the plaintiff in error.

Mr. FRANK J. CRAWFORD, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

As to the main question involved in this litigation, the decree of the circuit court is, undoubtedly, correct. It gave to the complainant below the very relief which his original and amended bills both prayed and which they were framed to secure. The other relief, a foreclosure of the mortgage, was only asked in the alternative and in the event that the relief actually granted should not be given.

The answer denied the complainant's right to relief of any kind, either a conveyance of an undivided half of the Blackmore interest or a foreclosure of the mortgage, claiming that Lowry purchased the Blackmore interest for his own exclusive benefit. The proof showed that the purchase should be considered as made for the joint benefit of Price and Lowry, and, on the eve of the hearing, Lowry amended his answer, admitting that fact, and conceding the right of Price to a conveyance, on payment of one-half of

the cost of procuring the deed. Then Price amended his bill, asking for a foreclosure. The granting of this prayer would have been inconsistent with the allegations of both the original and amended bills, and with the relief primarily asked therein, as well as with the evidence. The evidence showed, as the bill stated, that the purchase from Blackmore was for the common benefit of Price and Lowry, to be made at their joint expense; and this arrangement, which was made with the attornies and agents of Price, was certainly ratified by him when he filed his bill in this case, if not before.

It was, however, an error in the decree to award an execution against Price in favor of Lowry, in order to enforce payment of one-half the costs of procuring the Blackmore title. Lowry was not the actor in this case. If he had desired affirmative relief, by compelling payment of one-half the purchase money, he should have filed a cross-bill, instead of resisting the right of Price to a conveyance until all the evidence had been taken.

Neither was it equitable to charge Price with interest on one-half the expenses of procuring the Blackmore title, from the time of procuring it until the decree. Lowry had been constantly denying the right of Price to a conveyance, and had furnished no statement of the money expended, one-half of which Price had been desirous of paying. Under these circumstances, we think interest should not have been charged.

We are also of opinion that the costs should have been taxed against Lowry, as he had denied the right of Price to a conveyance until the evidence was taken. Probably the attention of the court was not particularly called to these provisions of the decree. We might not reverse merely for an erroneous ruling in regard to costs in a chancery case, but as this question is raised, and as the decree must be reversed on other grounds, we do not wish to sanction the order as to costs, by passing it over in silence.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*