WILLIAM HOLLINGSWORTH

*v.*

ORANGE W. KOON *et al.*

*Filed at Ottawa March 27, 1886.*

117 511
47a 106

117 511
87a 671

117 511
92a ⁴212

1. BILL TO REDEEM—*in case of two mortgages—apportionment of the debts.* On bill to restrain the sale of lands under powers of sale in two separate mortgages, and for an account of the sum due on each, and for redemption on payment of the sums found due, the court found the total sum due on both mortgages, making no apportionment, so that the land in each should bear its just proportion of the debt: *Held,* that the decree was erroneous in this respect.

2. SAME—*terms upon which redemption should be allowed.* On bill to redeem from mortgages, the court found the amount due from complainant, and decreed that he pay that sum, with interest and costs, as a condition to relief, to the clerk of the court, for the benefit of such of the defendants as should appear to be entitled thereto, within three months, and further decreed that in default of his paying the defendants said amount, with interest, his bill should stand dismissed: *Held,* that the decree was improper, oppressive and erroneous.

3. In such a case the proper course is for the court, after finding the sum due from the complainant, to direct its payment, and in default thereof order a sale of the lands, with the usual statutory redemption.

4. COSTS—*on bill to redeem.* Where a bill is filed by a mortgagor to have an account taken of the sum due under the mortgage, which sets up usury and various usurious payments, as to which there is a sharp contest, and the court finds there is much less due the defendants than was claimed, the court should require each party to pay his own costs.

5. CHANCERY—*practice on sustaining exception to the master's report.* Where an exception is sustained to an item of charge in a master's report wrongfully allowed by the master, the report should be corrected by striking out such improper charge.

6. CROSS-ERRORS—*when necessary.* Where the court, in rendering a decree upon the master's report, deducts from the sum reported, an item of charge, to which no exception was sustained, such ruling must stand, where no cross-errors are filed by the party injuriously affected thereby.

7. Where an exception to an item of charge in a master's report, of $1699.30, with interest thereon, was sustained by the court, and a decree was rendered for the amount reported due, less $1000, being an item also excepted to, it was *held,* that the decree must be reversed, as being for too much, there being no cross-errors assigned as to the ruling of the court on the exceptions.

8. PRACTICE—as to specific and general objections. Where an error occurs in the progress of a trial, the usual practice requires specific objections to be made; but when a court has taken time to consider, and pronounces its final decree, the objecting party is not required to make specific objections, but may except generally to the decree..

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. BULL, STRAWN & RUGER, and Messrs. DOYLE & MORRIS, for the plaintiff in error:

This being different from an ordinary bill to redeem, each party should have been required to pay his own costs. Brinkerhoff v. Lansing, 4 Johns. Ch. 78; Brooks v. Byam, 2 Story, 553; Ross v. Gordon, 2 Munf. 289; Hoffman v. Marshall, 1 J. J. Marsh. 64.

The court should have ordered a resale. Murdock v. Empire, 19 How. Pr. 79; Lansing v. McPherson, 3 Johns. Ch. 424.

The court erred in cutting off Hollingsworth's right of redemption in lands set forth in both mortgages, unless on payment of a gross sum. The amount found due was an entire debt, and should have been apportioned on each of the mortgages pro rata, according to the value of each tract, so that if Hollingsworth was not able to redeem from both of said mortgages, he might from one of them.

The decree is for too large a sum, and the court erred in overruling the exceptions to the master's report.

Mr. CHARLES H. WOOD, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought in the circuit court of Iroquois county, by William Hollingsworth, against Orange W. Koon, and others claiming to have an interest in the sub-

ject matter of the litigation. It appears from the allegations of the bill, that complainant and the principal defendant had had dealings with each other for a number of years, commencing as early as 1868, and continuing down to or nearly to the time when the notes in controversy were given. During that time complainant received money from defendant as loans, for which, it is alleged, he agreed to and did pay to defendant interest at the rate of two per cent per month, which usurious interest, so reserved, was most generally put in the body of the notes, and thereafter treated as principal. The transactions between the parties were quite numerous. From time to time complainant would receive money from defendant, and in turn would make payments to him. In that way their transactions with each other continued until about the 20th day of June, 1884, when defendant made an estimate of what he claimed complainant owed him, and, according to his calculations, the sum due at that time was $11,333.52, for which sum complainant gave defendant his promissory note. It is charged in the bill that that entire sum was made up of usurious interest, computed at the rate of two per cent per month. A controversy had arisen between the parties, and it is alleged in the bill that defendant, and others in his interest, threatened to put complainant in bankruptcy, and in that way sacrifice his property, unless he would give new notes for the alleged indebtedness, and secure the same by mortgages. Accordingly, on the 23d day of November, 1876, complainant executed to defendant Orange W. Koon, six promissory notes for the alleged indebtedness, amounting in the aggregate to the sum of $12,920.50,— the first four notes payable, respectively, in two, three, five and six years, and the two last notes payable, respectively, in seven years from date, with interest at the rate of ten per cent per annum, interest payable annually. Five of these notes, aggregating the sum of $10,920.50, were secured by mortgage on lands then owned by complainant, and

33—117 ILL.

the remaining note for $2000, payable in seven years from date, was secured by another mortgage on other lands owned by complainant.   Both of these mortgages contained the usual power of sale.   The larger one contained the provision that in case of a failure to pay any note when the same should become due, or any interest that might become due, the whole debt secured should become due and payable.   The notes described in the larger mortgage, together with the mortgage itself, were assigned by defendant to B. H. Durham, but it is charged that Durham is not in fact the owner of the five notes assigned to him, but is combining with defendant to defraud complainant.

Complainant charges that the whole amount received by him from defendant, in money and cattle, during the time of their transactions, was $17,459.81; that he has paid him during the years he was receiving money from him, the sum of $21,792, and that Durham, as assignee of the five notes, claims from him the further sum of $12,216.97; that defendant Koon, on the other note, claims from him $2250, and that Russ claims from him on another note, which it is charged defendant ought to have surrendered to complainant when the notes in litigation were executed but wrongfully retained and since assigned to Russ, the sum of about $4200, making a total sum still claimed to be due from complainant of $18,666.97.   The mortgages given to secure the indebtedness still claimed to be due, cover about five hundred and seventy-four acres of land, which are alleged to be of the value of $23,000.   The allegation is, that the sum claimed to be due consists wholly of usurious interest, fraudulently calculated and compounded by defendant, on the sum of $17,459.81, so loaned to complainant in money and cattle, and that defendant has long since received every dollar to which he is entitled.   It appears, also, that Durham, as assignee of the five notes of $10,920.50, and the mortgage by which they are secured, on account of an alleged default in its condition,

had advertised the lands embraced in the mortgage for sale, to pay the whole indebtedness secured. This bill was then filed. The relief asked is two-fold: First, for an injunction to restrain the sale of the land under the power of sale contained in the larger mortgage; and second, that an account might be taken, and for general relief. It does not appear, though asked for in the bill, that any injunction was granted, and the sale of the premises described in the larger mortgage took place as advertised by Durham, and the mortgaged lands were bought at such sale by William B. Koon, a brother of defendant, for the sum of $5000, and to whom the assignee made a deed. A supplemental or amended bill was filed, in which complainant asked the same relief as in his original bill, and set up the fact of the subsequent sale of the mortgaged land to William B. Koon, and made him a party to the bill. It is alleged in the amended bill the sale made to William B. Koon was a sham, that no money was paid therefor, and that the lands were in fact bid in for defendant Orange W. Koon.

The defence set up in the original answer filed by defendant was, that on the 23d day of November, 1876, the matters in difference between complainant and defendant Orange W. Koon, were submitted to arbitrators,—one selected by each party,—and that as a result of that arbitration there was found to be due from complainant, to Orange W. Koon, the sum of $12,920.50. That is the precise sum for which the notes were given, on that day. Complainant denied that he had ever agreed to submit the matters in dispute between himself and defendant Orange W. Koon to arbitration, and the circuit court, on the first hearing of the cause, found there had been no award that was obligatory on the parties, and then proceeded to hear and determine the cause on its merits, without a reference to a master to state an account. On that hearing, it seems that the circuit court found complainant was not indebted on the notes in litigation, to defend-

ants, or either of them, and granted relief substantially as prayed for in the bill. The cause was afterwards brought to this court by defendants, perhaps on their appeal. This court then held the circuit court decided correctly in holding the parties were not concluded by the award, as set up in the answer of defendants. But the decree was reversed for another cause. It appeared the accounts between the parties were complicated, consisting, as they did, of many items, and running through a series of years, and that it would, for that reason, be a very difficult task to undertake to determine how the merits of the controversy stood, without a reference to a master to state the account. It was ruled that when the court determined the arbitration was not binding and conclusive between the parties, then a reference of the cause ought to have been made to the master to state an account, under such directions embodied in the decree as might have been thought proper. The decree was therefore reversed, and the cause remanded, with directions to the court to refer the cause to the master.

On the mandate from this court being filed, the circuit court referred the cause to the master, as was directed should be done, under an interlocutory decree, in which it was recited: "This cause coming on to be heard on original bill, and amendment thereto, and the supplemental bill and answer, and replication thereto, and depositions, documentary, and oral testimony, and the court being satisfied that the matters, dealings and transactions between Hollingsworth and O. W. Koon were not submitted to arbitration, and at no time had there been a settlement between them; that large sums of usury entered into the notes, and that the sale of lands mentioned in the original and supplemental bills were prematurely and inequitably made, and that William B. Koon had sufficient notice of the fact." It was then decreed that the sale to William B. Koon be set aside and declared void. The court directed the master to consider all the testimony and matters

of evidence then on file in the cause, and such additional testimony as should be produced on the part of the respective parties touching the state of accounts between them, and that in computing interest, to allow defendant Orange W. Koon six per cent per annum.

By his amended report the master found there was due from complainant the sum of $11,182.73. Quite a number of exceptions were filed by complainant to the amended report made by the master, all of which were formally overruled, except the fourth one of the series. That, the decree recites, was sustained. In all other respects the report of the master was confirmed. Complainant moved to refer the cause back to the master, but that motion was overruled. Leave was then asked to file additional exceptions to the master's report, and that motion was also denied. The court, by its final decree, deducted the sum of $1000, with interest from November 16, 1871, from the amount reported by the master, which left a balance due from complainant of $9547.73, on June 21, 1882, the date of the report. The court then ordered that complainant should, within three months, pay the sum so found due, with legal interest, to the clerk of the court, for the benefit of such of defendants as should appear to be entitled to it, and costs, and on such payment being made, it was further ordered that William B. Koon reconvey to complainant the mortgaged premises conveyed to him by Durham, and further, that on such payment being made, Orange W. Koon should release and satisfy the other mortgage made to him on the 23d day of November, 1876, and that defendants shall deliver to complainant all deeds, mortgages and writings in their custody or power, relating to the mortgaged premises. Then follows a portion of the decree that is so obscure its meaning is not understood. The decree concludes: "But in default of complainant paying unto defendants the said amount, interest and costs, as aforesaid, found to be due at the time above mentioned, it is ordered, adjudged and decreed

that the complainant's original amended and supplemental bills from henceforth stand dismissed out of this court, with costs." Exceptions to the decree of the court were taken, and the evidence heard in the cause was preserved in the usual certificate made by the judge of the court. Afterwards complainant removed the case to the Appellate Court for the Second District, where it was dismissed by that court, for want of jurisdiction to hear and determine it. That judgment was afterwards reversed in this court, and the cause remanded to the Appellate Court, with directions to hear the cause on its merits. After the mandate from this court was sent down, the Appellate Court affirmed the judgment of the circuit court, and complainant brings the case to this court on error.

There are some errors appearing on the face of the decree that will require a reversal, that justice may be done. One is, that the present decree is for too large a sum, under the obvious findings of the court. It will be noticed the court sustained the fourth exception to the master's report. No cross-errors have been assigned by defendants as to that finding, and it must be understood that decision is acquiesced in, and must stand. It follows, therefore, the court should have deducted from the amount reported by the master the sum of $1699.90, with interest from the 2d day of October, 1871. That was not done, and the decree is clearly excessive to that amount, no matter what conclusions may be reached as to other exceptions taken to the master's report. But aside from this view, the preponderance of the evidence is, the item of October 2, 1871, of $1699.30, was not received by complainant, and he should not have been charged with it, and the master's report should have been corrected in that respect. The court, however, did deduct from the total amount reported by the master to be due, the sum of $1000, with interest from the 16th day of November, 1871. That is the item mentioned in the third exception, and has no sort of connection with the

item mentioned in the fourth exception, which, by the decision of the court, was sustained. As defendants have filed no cross-errors to this action of the court, it must stand, so far as the present decree is concerned. Had the defendants been dissatisfied with the decree of the court in that respect, they would have challenged its correctness in this court in some appropriate mode. As the court did what complainant desired to have done, no argument need be made in support of its action.

It will be remembered, the bill was filed to restrain the sale of the land embraced in two mortgages until an account could be taken as to the amount due from the mortgagor. The court ascertained a total sum was due, but made no apportionment of this amount, so that the lands embraced in the separate mortgages should bear their just proportion of the burden of the indebtedness. That was error, to the prejudice of complainant. In that respect the whole lands were made security for both debts, to which they had not been pledged by complainant, and the court had no rightful authority to do it for him. It might be he could redeem from one mortgage, but not from both, and in that way save some of his property. At least he should have been afforded that opportunity. Complainant excepted to the decree rendered against him, and that was sufficient to raise this objection. Where an error occurs in the progress of a trial, the usual practice requires specific objections to be made; but when the court has taken time to consider, and pronounced its final decree, and the trial is at an end, all the party against whom the decree is rendered can properly do, is to respectfully except, and save such exception in the usual mode. After the final decree is pronounced, nothing more need be done.

But there is still a graver error appearing on the face of the decree itself. The court found a certain amount was due, and decreed, as a condition to relief, that complainant should pay that sum, with interest and costs, to the clerk of the court,

for the benefit of such of defendants as should appear to be entitled to it, within three months from the date of the decree, and then added: "But in default of the complainant paying unto said defendants the said amount, interest and costs, as aforesaid, found to be due at the time above mentioned, it is ordered, adjudged and decreed that the complainant's original, amended and supplemental bills from thenceforth stand dismissed out of this court, with còsts to be taxed." The decree in this respect might become oppressive in the extreme. Should complainant be unable to pay the whole amount the court directed should be paid to redeem both mortgages, within the short time limited, the result would be he would lose all his lands embraced in both mortgages, one of which had never been foreclosed, or attempted to be foreclosed, in any manner, for less than one-half of their value, and still a very large portion of the indebtedness claimed would remain unpaid, for which complainant would be personally liable. The decision of the court dismissing complainant's bill without any saving of rights thereunder, would be *res judicata* as to all matters therein litigated, and would bar any further defence on the part of complainant to the collection of the whole indebtedness claimed by Orange W. Koon and his assignees, consisting, as it does, to some extent, at least, of unconscionable and corrupt usurious interest, and that, too, after the lands in the larger mortgage have forever passed from him, under the power of sale, for one-fourth of their value. A decree that might have this effect ought not to be permitted to stand. What the court ought to have done, after ascertaining the true amount of indebtedness of complainant to defendants, would have been to have apportioned it ratably upon the lands embraced in each mortgage, and directed a sale of the same, with the usual statutory redemption, and out of the proceeds to have ordered the payment of the sums found to be due on each one. That is the only

equitable decree that could have been rendered, and in no other way could full justice be done.

As the present decree must be reversed for other reasons, the question made as to the action of the court in awarding all costs against complainant, need not be considered as a ground for reversing the present decree. Under a statute of this State, costs in chancery causes, except where complainant dismisses his own bill, or where the defendant has the bill dismissed for want of prosecution, rest in the discretion of the court. It must, however, be a sound legal discretion, and should never be so exercised as to do manifest injustice. In the present case this bill was not originally a bill to redeem, where costs are most usually imposed as a condition precedent to relief, in addition to the amount necessary to be paid to redeem. There had then been no sale of the property under either mortgage when this bill was filed. It was brought to restrain the threatened sale of the property until the true amount of the indebtedness could be ascertained by the court. It is true, the assignee, after the filing of the bill, did sell the lands embraced in one of the mortgages, but as to that sale the court found it had been "prematurely and inequitably made." The court found there was in fact much less due to defendants than they claimed to be due them on the face of the notes, and in the exercise of a sound legal discretion the court should at least have required each party to pay his own costs.

Exceptions were taken to the decision of the court overruling all objections taken to the master's report, except three and four of the series. No analysis of the testimony bearing on each exception will be now made, and as to some of them no opinion will be expressed, further than to say, the testimony has been examined, and this court is not entirely satisfied with the decision of the court touching many of them, and that the testimony as to the items to which the objections are taken should be again carefully examined, both by

the master and the court to which the cause shall be submitted, to the end exact justice may be done both parties. Especially, attention is directed to the items of interest claimed to have been paid by Orange W. Koon to Ogden & Scudder, on account of interest due from complainant. This court is inclined to the opinion the exceptions as to the allowance of the several sums for interest paid to Ogden & Scudder, should have been sustained. The weight of the evidence seems to be, the money with which the interest was paid was either furnished by complainant to Koon, with which to procure the drafts, or the money in every instance was repaid to Koon shortly afterwards, and as to such payments complainant should not be charged.

Without undertaking to tabulate any statement of the accounts between the parties, it is apparent the report of the amount found due by the master may not be accurate. The evidence tends most strongly to show that up to March 21, 1872, all the money received from defendant Orange W. Koon was $10,524.93. Complainant states the dates and amounts, when received, that go to make up that aggregate sum. Defendant Orange W. Koon admits in his testimony, that on the former hearing of the cause he testified that all that complainant owed him prior to March 21, 1872, was $10,524.93. To the testimony as first given, he now makes some explanation as to what he meant by that statement, but from all the testimony it may be fairly assumed that that sum represents all the money complainant had received from defendant up to that date. Complainant admits that in 1873, at three several times, he received certain other sums of money from Koon,— in the aggregate, $6493,—for which several sums he agreed to pay interest at the rate of two per cent per month, which was put in the notes given. During the year 1874 he denies receiving any money from defendant, but admits he received some cattle, but of no very great value. Adding the sums prior to March 21, 1872, and since, together, it will make a

total sum of $17,017.93, besides the cattle received in 1874. Since then the master found complainant has paid defendant nearly $17,500, but complainant claims he has paid a larger sum. It will be noticed, on inspection of the master's report, the aggregate sum he finds defendant Koon let complainant have since March 21, 1872, after excluding the several sums claimed to have been advanced for interest to Ogden & Scudder, as should be done, does not differ very materially from the amounts admitted by complainant. It may be assumed, then, as approximately correct, that all complainant ever received from Koon in money did not much exceed $17,017.93, but to which amount must be added the value of cattle received in 1874, which is not a very large sum. Since then, and during the time he was obtaining the loans from defendant, he has paid him in money nearly $17,500. To this sum must be added the Russ decree, obtained on a note given to Orange W. Koon for part of the total sum borrowed of him, and which ought to have been surrendered when the last notes were given, and which he afterwards sold to Russ, amounting, with the interest at the date of the decree, to about $4200. It makes a total sum paid to defendants of $21,700, on a sum of less than $18,000 borrowed of him. And yet defendant Orange W. Koon, and his assignee, hold notes given for the same indebtedness, and none other, of $12,920.50, with interest at ten per cent per annum, since November 23, 1876. If these notes should now have to be paid, the sum would be quite large ; but if only the amount of the decree ($9747.73,) should be regarded as the sum due on the notes, that sum, with the interest since the date of the decree, would be no inconsiderable amount, and to which must, also, be added the amount of the Russ decree. Adding the amount of the present decree to the sums already paid to defendants, it would make a total amount of $31,000 on a sum borrowed of less than $18,000, of which sum over $17,000 was paid during the years the loans were being made. Assuming, then,

these figures may be approximately correct, they show there must be some error somewhere in the report of the master, and that the account should be stated with more care.

The judgment of the Appellate Court will be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*

Mr. JUSTICE SHELDON, dissenting:

There was a reference to the master to take an account of what was due on the mortgages, with direction to the master to only allow Koon interest at the rate of six per cent per annum. The master took the account. On exceptions filed before him, some changes were made by him, and he reformed the account. To the reformed account exceptions were filed and overruled. The master's report stating the account as reformed by him, was filed in the circuit court, and that court passed upon the exceptions to the reformed account, and sustained the master's report, except as to one item. The master reported to be due on the notes and mortgages, $11,182.73. After deducting therefrom the item as to which the court sustained an exception, being a credit of $1000, with interest thereon, in favor of complainant, the court found there remained due from complainant the sum of $9547.73, upon which sum, with interest, being paid within three months, it was decreed the mortgages should be released, and in default thereof the bills should stand dismissed, and that complainant pay the costs of the cause. By the decretal order, it was "ordered that the fourth exception of said complainant to said amended report be sustained, and that complainant be allowed the credit of $1000, as of the date of November 16, 1871, and which the said master refused so to allow; and it is further ordered, that in all other respects the amended report of said master, of date June 21, 1882, be confirmed, and all the other exceptions of said complainant thereto be overruled, and the court finds that by deducting the said item of

$1000, with interest thereon from November 16, 1871, from the sum of $11,182.73, the amount found to be due by said master in his amended report, there remained the sum of $9547.73 due from complainant, June 21, 1882, the date of said report." The third and fourth exceptions are as follows:

"*Third*—Said master should allow a credit to Hollingsworth, of November 16, 1871, $1000, which he has not done.

"*Fourth*—There should not be allowed both the items of September 13, 1871, $1000, and the item of October 2, 1871, $1699.30, but only $1600, as this was all the item ever paid Hollingsworth about that time, and the allowance of the other, and interest, is erroneous."

It is claimed that it appears by the above that both the third and fourth exceptions were sustained by the court, and that there is a manifest error in not deducting the item of the fourth exception, $1699.30, from the amount afterward declared as being due. It appears sufficiently that there was here a clerical error, which corrects itself, in miscalling the exception which was sustained, the fourth instead of the third. It is quite plain from an inspection of the above portion of the decree, in connection with the third and fourth exceptions, that there was but one exception sustained, and that was the third; that there was but one item of exception to be deducted, which was $1000, and that was the subject of the third, and not of the fourth, exception.

Plaintiff assigns as error the rulings of the court in not sustaining a large number of exceptions to the master's report, all going to particular items of debit and credit in the account. An examination of the evidence will show that there is testimony to sustain all the findings of the master which are excepted to, and those of the court, and that it is a question only as to the credibility of witnesses which is presented in this regard,—that the master has given credence to one witness rather than to another. After considering the conflicting testimony of witnesses, and the circumstances

relied on as being in corroboration or otherwise, there is no such error appearing in any of the findings of the master, or of the court, as in my judgment to call for a reversal of the decree.

As to the objection that the amount found due was an entire debt, and not apportioned on each of the mortgages, it would seem to be too late for plaintiff in error to raise this objection for the first time in this court. He made no such objection before the master, or before the circuit court. Had he done so, the amount found due would doubtless have been apportioned to the two mortgages. But the master was allowed to proceed and find what was the entire debt due upon the two mortgages, and not the amount due on each mortgage separately, without any intimation of dissent thereto, or any expression of desire that there should be a contrary course, finding the amounts due on the mortgages separately. And it was the same throughout the proceeding in the circuit court. It does not seem fair, after thus lying by and apparently acquiescing in the master's mode of computing the indebtedness, to now for the first time, in this court, raise this objection. It should be deemed to have been waived.

The matter of costs objected to, was in the discretion of the circuit court, and as a general rule a party coming into a court of equity to redeem, pays costs to the defendant, in addition to the amount due upon the mortgage, although he obtains the relief prayed for. (2 Barbour's Ch. Pr. 199.) The supplemental bill prays that if anything is found to be due from the complainant, he be allowed to pay it. The bill is to be regarded as one to redeem.

I perceive no error in the decree, and am of opinion it should be affirmed.

Mr. JUSTICE CRAIG: I fully concur in the dissenting opinion of Justice SHELDON.