ARTHUR KEITHLEY

v.

CHAUNCEY C. WOOD ET AL.

*Mortgages—Redemption—Conditional Sale.*

1. A deed absolute on its face, if intended by the parties as security for a debt, is a mortgage, with right in the grantor to redeem.

2. Where, in a given case, it is doubtful whether a given transaction was a mortgage or a conditional sale, it should be held to be a mortgage.

3. If it does not appear in a given case tried before a chancellor, what his ruling was as to the admissibility of certain evidence, it will be presumed that in reaching his conclusions upon the merits, he rejected

such testimony as was incompetent, and considered only such as was competent.

4. If it appears from the record in a given case that the chancellor received and considered incompetent testimony, this court sitting in review will consider all the proofs, and if after rejecting such as should have been ruled out by the court below there remains sufficient to support the decree and show that it is right, the decree will be affirmed.

5. In the case presented, this court holds that the transaction in question was a mortgage, not a sale; that while the testimony of complainant's wife was improperly received, the facts and circumstances surrounding the transaction, considered in connection with the conflicting testimony of the parties to the suit, justify the above conclusion, and that the trial court correctly decreed that the greater part of the costs be paid by appellant, because they were made by the wrongful refusal of appellant to acknowledge complainant's rights.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Mr. JAMES A. CAMERON, for appellant.

Messrs. JACK & TICHENOR and I. C. EDWARDS, for appellees.

MR. JUSTICE HARKER. On the 1st of November, 1889, Chauncey C. Wood and Kate Wood, his wife, executed and delivered to appellant a warranty deed for one hundred and twenty acres of land situated in Peoria County.

At the same time appellant executed and delivered back to Wood a written agreement to reconvey to Wood an undivided one-seventh interest in the land on condition that Wood pay to him by the 31st of December, 1889, $937.50. Wood was at the time the owner of but an undivided one-seventh interest in the land. Payment was not made at the time specified in the agreement, and appellant indorsed on the back of it an extension until the 10th of January, 1890. Payment was not made within the time of extension.

Subsequently the property increased in value and appellant declined to reconvey upon the ground that the time for buying it back had expired.

Appellees, claiming that the deed executed by them and the written instrument executed by appellant constituted a mortgage, filed their bill in equity to redeem. An answer was interposed denying that the transaction was a mortgage or intended as such, but claiming that it was a sale to Keithley with the privilege to Wood of repurchasing within a certain time.

The cause was referred to the master, who, after taking the proofs, found the equities with the complainants, and reported a recommendation that the deed and contract be decreed a mortgage. The Circuit Court entered a decree in accordance with the master's report, and allowed Wood to redeem on payment of $1,021.90, and interest at rate of five per cent from June 30, 1891.

The question in controversy is whether the transaction was a conditional sale, as contended by appellant, or a mortgage, as contended by appellees.

The rule is so well settled that a deed absolute on its face, if intended by the parties as security for a debt, is a mortgage with right in the grantor to redeem, that a citation of authorities is unnecessary.

An examination of the authorities will show that courts of last resort have frequently encountered embarrassment in discriminating between mortgages of this class and conditional sales. The embarrassment has usually arisen because of a misapprehension of the law by the parties, or a design upon the part of one of the parties to conceal the real purpose of the transaction has clothed the transaction with some of the incidents of a mortgage and some of the incidents of a conditional sale. We think the decided weight of authority is that in doubtful cases the transaction should be held a mortgage. Jones on Mortgages, Sec. 279; Russell v. Southard, 12 Howard, 139; Cornell v. Hall, 22 Mich. 377; Rich v. Doane, 35 Vt. 125.

There is manifest wisdom in such holding. By it the ends of justice are more apt to be attained and fraud and apprehension less likely to succeed. In such transactions the creditor has the advantage. The debtor is the weaker

party and needs the protection which courts of equity are capable of granting.

In addition to the deed and written agreement to reconvey, the proofs concerning the transaction, as taken by the master in chancery, were confined almost entirely to the testimony of Wood, his wife and Keithley. The testimony of Wood and his wife is positive that the deed was executed merely to secure Keithley in his debt; that it was not their intention to sell the property and that it was the understanding and agreement between them and Keithley that the conveyance was to be regarded in the light of a mortgage. They are directly contradicted by Keithley.

Objection was made in the Circuit Court to the competency of Mrs. Wood as a witness and it is assigned for error that the court held she was competent and considered her testimony. It does not appear from the record what holding the court made, if any, upon the question. We are of the opinion that she was not a competent witness. Smith v. Long, 106 Ill. 485. Whether the court ruled correctly upon that question, however, we do not regard as material. If it does not appear that any ruling was made upon the objection it will be presumed that the chancellor, in reaching his conclusions upon the merits, rejected such testimony as was incompetent, and considered only such as was competent.

If it appears from the record that the chancellor received and considered incompetent testimony, then will this court sitting in review consider all the proofs; and if after rejecting such as should have been ruled out by the court below there remains sufficient to support the decree, and show that it is right, the decree will be affirmed. Flaherty v. McCormick et al., 123 Ill. 525.

Rejecting the testimony of Mrs. Wood, we are of the opinion that the facts and circumstances surrounding the transaction, considered in connection with the conflicting testimony of Wood and Keithley, justify the conclusion that the transaction was a mortgage.

We do not attach much importance to the statement of Wood made to his brother and brother-in-law, that he had

sold the property, for the reason that when made he was under the influence of liquor.

The court correctly decreed that the greater part of the costs be paid by appellant, because they were made by the wrongful refusal of appellant to acknowledge appellees' rights. Hollingsworth v. Koon, 117 Ill. 511; Price v. Blackmore, 65 Ill. 386.

*Decree affirmed.*