## WILLIAM LINTON *et al.*

*v.*

## BENJAMIN F. QUIMBY.

1. HOMESTEAD—*illegal sale of under execution—whether may be set aside as to part of the premises sold.* Where it was sought to set aside a sale under execution, of four lots of ground, for the reason that, as claimed by the defendant in the execution, the same constituted his homestead, and had been sold without summoning a jury to set off the homestead, as required by the statute, it was *held*, the lots being sold separately, and the one on which his house was situated being worth more than $1000, a decree setting aside the sale as to such lot alone was proper, and gave to the complainant all the relief to which he was entitled.

2. Though, had the lots been sold in a body, it would have been impossible to give this relief without setting aside the sale as to the other lots.

3. COSTS *in chancery—against whom should be adjudged.* Where a complainant in chancery filed an amendment to his bill, for the purpose of

272       LINTON *et al. v.* QUIMBY.       [Sept. T.,

Opinion of the Court.

correcting a mistake in the sheriff's deed, under which he claimed title to the land in controversy, and the defendant filed a cross bill, the prayer of which was granted, but the court decreed to the complainant in the original bill partial relief, it was *held* erroneous to adjudge against the complainant in the cross bill the costs thereof, the same being necessary to the procurement of the relief obtained by it; and that the costs of the amendment to the original bill, although the relief sought by it was granted, should have been adjudged against the complainant therein, the error which it sought to correct not having been occasioned by the defendant, and he not resisting the correction in a way to make him chargeable with the costs.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. R. H. FORRESTER, for the appellants.

Mr. GEORGE L. PADDOCK, Messrs. GALLUP & PEABODY, and Mr. J. A. CRAIN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The original bill in this case was filed by Quimby to set aside, as fraudulent, a conveyance by Linton to Laver, absolute in form, of four lots situated in Chicago, and claimed by Quimby under a judgment against Linton, and an execution, sale and sheriff's deed. An amendment to the bill, also asked that the sheriff's deed be corrected in its misrecital of the date of the judgment. Linton filed a cross bill, asking that the sale and sheriff's deed be set aside, on the ground that the four lots constituted his homestead, and had been sold without summoning a jury to set it off as required by the statute. The lots were numbered 12, 13, 14 and 15, and Linton's house was on lot 13. The court found the deed to Laver to be a mortgage to secure a loan of $3000, and interest from its date, and decreed that Quimby should hold the title to lots 12, 14, and 15, subject to the mortgage, and that the sheriff's deed be corrected. The court further decreed that the sale of lot 13 should be set aside. Linton appealed.

It is urged by appellant that the court erred in not setting aside the sale of all the lots, but in this respect the decree of the court was clearly right. The four lots, it is true, were in one inclosure, and although there was another house on lot 12, and a shop on lot 14, we waive the question as to whether all the lots could properly be considered a homestead, and place our decision on another ground.

It appears, by the testimony, that lot 13, on which Linton had his house, greatly exceeded $1000 in value. He testifies himself, that it was worth $3,500. The court, then, in setting aside the sale as to this lot, gave to Linton all the relief to which he was entitled. The decree does for him all that a jury could have done, if one had been called by the sheriff to set off his homestead. He has no equitable grounds for any further aid from the court. If the lots had been sold in a body, it would have been impossible to give this relief without setting the sale aside as to the other lots. But, as they were sold separately, complete justice can be rendered to Linton as to his homestead rights without doing a wrong to Quimby. The fact that each lot was sold separately, and that the lot on which Linton's house was situated was confessedly worth more than $1000, makes it easy to fix the precise limit to which the court should go in administering equitable relief. The principle governing this case is recognized by the court in *Hill* v. *Bacon,* 43 Ills. 478.

But while the court committed no error in the substantial part of its decree, we are of opinion it has committed one in regard to the costs, which should be corrected. It decreed all the costs against Linton. It is very clear that all the costs growing out of the cross bill, should have been decreed against Quimby, since that bill was necessary in order to set aside the sale as to lot 13, and on that question the court decreed in Linton's favor.

Neither should the costs growing out of the amendment made to the bill, for the purpose of correcting the sheriff's deed, have been adjudged against Linton. The error was not

occasioned by him nor did he resist the correction in a way to make him chargeable with costs.

The decree must be reversed, in order that the costs may be properly adjudged.

*Judgment reversed.*