MISSOURI VALLEY LIFE INSURANCE COMPANY V.
ARTHUR D. STURGES.

LIFE INSURANCE; *Beneficiary, and Assignee, must have an Interest in Life of Assured.* A person who has no interest in another's life cannot purchase or take by assignment an insurance policy on such life. Such a thing would be clearly against public policy, and is not authorized by law.

*Error from Labette District Court.*

ACTION by *Sturges* to recover $2,000, the amount of a policy of insurance issued by the *Missouri Valley Life Ins. Co.* to one Enoch Haynes, and on the life of Haynes. The material facts are stated in the opinion, *infra.* Trial at the June Term 1874 of the district court. Verdict and judgment for plaintiff, and the *Insurance Company* bring the case here on error.

*T. A. Hurd,* for plaintiff in error.

*A. H. Ayres,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether the defendant in error (plaintiff below) has a right to recover on a certain life-insurance policy. That the policy was valid when issued, and that the insured is dead, are facts admitted by the insurance company; but still the company claim that the plaintiff cannot recover, first, because the policy was forfeited prior to the death of the insured for non-payment of premiums; and second, because the plaintiff has no legal or valid interest in said insurance policy. We shall assume that said policy was not forfeited, (and such would probably be our decision if we were to decide the question,) and shall proceed at once to the consideration of the other question. The facts of the case, so far as it is necessary to state them, are substantially as follows: On March 16th 1870, Enoch Haynes procured from the plaintiff

in error an insurance policy on his own life for the sum of $2,000. The premiums were made payable quarterly on the 16th days of March, June, September and December of each year, during the continuance of said policy, and the amount of each premium was $37.58. On May 8th 1872, Haynes assigned said policy to the plaintiff below, Arthur D. Sturges, who had no interest in the life of Haynes. The insurance company assented to said assignment. The plaintiff Sturges afterward paid the premiums on said policy. On 30th January 1873, Haynes died, and Sturges then commenced this action against the insurance company to recover the amount of said insurance policy. Can he recover? We think not. Sturges never had any interest in the life of Haynes, but on the contrary, his whole interest, after said assignment, was in the death of Haynes. Each year that Haynes lived, Sturges was compelled to pay out $150.32 without the slightest hope of ever receiving anything in return therefor. He was compelled to pay that amount in order to preserve the life of his insurance policy; but no payment that he could make would ever increase the amount of the benefit which he expected finally to receive. The policy, in case of death, was worth just as much on the day of the assignment as it ever could be afterward. If Haynes had died on the very day on which said assignment was made, the holder of the policy would have been entitled to receive just $2,000; and no payment of premiums for any length of time afterward could ever increase that amount. Nor was Haynes bound to ever refund anything to Sturges. And nothing that Haynes might ever earn, or own, or receive, could ever possibly go to Sturges. Sturges was not dependent upon Haynes for any support, nor was he his heir, or devisee, or legatee. Nor was there even the slightest tie of kindred or relationship, or even of friendship, binding them together, and making it desirable to Sturges for Haynes to live. Sturges in fact had no interest in Haynes, except that Haynes should die. And as soon as that event should take place, Sturges expected to receive from the insurance company the sum of $2,000; and of course, all

his expenditures on said policy and on Haynes's life would then cease. Hence it will be perceived that Sturges, after said assignment, had a vast interest in procuring the death of Haynes, but had no interest whatever in preserving his life. Haynes's life cost Sturges $150.32 each year, without the slightest benefit in return, while Haynes's death would be worth to Sturges $2,000, without the slightest loss or inconvenience whatever. Now can such a state of things be tolerated by the laws of any civilized country? All insurance is in its nature a kind of wagering speculation. In the present case, the insurance contract was in the nature of a bet, for each year, of $150.32 against $2,000, (less the $150.32 paid as premiums,) that the insured would not die within the year; or more strictly speaking, it was in the nature of a bet, for each three months, of $37.58 against $2,000, (less the $37.58 paid as a premium,) that the insured would not die within the three months. Where such contracts are associated with beneficent and modifying circumstances (as many insurance contracts are supposed to be) making them beneficial to society, they are generally upheld, notwithstanding their wagering characteristics. But where they are not associated with any such beneficent or modifying circumstances, but are left wholly in their own naked deformity, as merely wagering contracts, they fall under the same merited interdiction as other wagering contracts. And of all wagering contracts, those concerning the lives of human beings should receive the strongest, the most emphatic, and the most persistent condemnation. This is just what the present insurance policy was, in the hands of Sturges, a mere wagering contract upon the life of Haynes. And if said assignment from Haynes to Sturges were to be upheld, as valid under the law, it would be virtually saying that the law authorizes mere wagering speculations, mere mercenary traffic, concerning human life, and it would be opening the door wide, and inviting to enter the most shocking of all human crimes. If any person should desire to know what men may do where they are strongly interested in procuring the death of an-

other person for the purpose of obtaining the benefit of a life-insurance policy, he may read the case of *The State of Kansas v. Winner*, 17 Kas. 298, 300. While it was strongly to the interest of Sturges that Haynes should die, yet there is nothing in the record that shows that Sturges in fact did desire the death of Haynes. But whether he did or not, the principles governing the case are the same.

In the case of *Ruse v. M. B. Life Ins. Co.*, 23 N. Y. 516, it is said that a "policy obtained by a party who has no interest in the subject of insurance, is a mere wager policy;" (page 523;) and, "policies without interest, upon lives, are more pernicious and dangerous than any other class of wager policies, because temptations to tamper with life are more mischievous than incitements to mere pecuniary frauds;" (page 526.) Mr. May says in his work on insurance, that "all the objections that exist against issuing a policy to one upon the life of another, in whose life the former has no insurable interest, exist against his holding such policy by mere purchase and assignment from another. In either case, the holder of such policy is interested in the death, rather than the life of the insured. The policy of the law forbids such speculations based on the continuance of human life. It will not uphold a practice which incites danger to life, and it substantially declares that no one shall have any claim under a policy upon the life of another in whose life he had no insurable interest at the time he acquired the policy, whether the policy be issued to him directly from the insurer, or whether he acquires the policy by purchase and assignment from another. If he may purchase a policy on the life of another, in whose life he has no interest, as a mere speculation, the door is open to the same practice of gambling, and the same temptation is held out to the purchaser of the policy to bring about the event insured against as if the policy had been issued directly. It is, in fact, an attempt to do indirectly what the law will not permit to be done directly." (May on Insurance, § 398.) See also *The State v. Winner*, 17 Kas. 298, 300.

There are a large number of cases holding, that, in order to enable any person to procure an insurance policy on the life of another, such person must have an insurable interest in the life of such other; and it has even been held that such interest must, in some sense, be pecuniary, and not founded merely upon relationship. (*Guardian Mutual Life Ins. Co. v. Hogan*, Supreme Court of Illinois, June 30th 1876, 8 Chicago Legal News, 382.) In this case the policy was issued to John Hogan on his own life, for the benefit of his son Patrick Hogan, who had no pecuniary interest in his father's life; and it was therefore held that the son had no insurable interest in his father's life, and therefore that he could not recover on the policy after his father's death. The case of the *Franklin Insurance Company v. Hazzard*, 41 Ind. 116, is identical with the case at bar in all its essential particulars. In that case Cone procured an insurance policy on his own life, and then with the consent of the company assigned said policy to Hazzard, who had no interest in Cone's life. The court held that Hazzard could not recover on the policy after Cone's death. See also *Franklin Insurance Co. v. Leften*, decided by the supreme court of Indiana in 1876. To the contrary, see *St. John v. Mutual Life Ins. Co.*, 13 N. Y. 31; *Valton v. The National Fund Life Ins. Co.*, 20 N. Y. 32, 38; *Clark v. Allen*, recently decided by the supreme court of Rhode Island.

In the present case we think, that, as Sturges had no insurable interest in the life of Haynes, he therefore could not purchase, or take by assignment, any interest in said insurance policy issued to Haynes; that such a thing would be most clearly against the most obvious rules of public policy, and therefore not to be tolerated by law; and as he could not take any interest in said insurance policy, he therefore cannot recover in this action. The judgment of the court below must be reversed, and cause remanded for further proceedings in accordance with this opinion.

HORTON, C. J., concurring.

BREWER, J., dissenting.