## THE MISSOURI VALLEY LIFE INSURANCE COMPANY V. JOSEPH McCRUM.

1. INSURANCE; *Wager of Policy.* A person who has no insurable interest in another's life cannot recover upon an insurance policy on such life, which is purchased during the lifetime of the insured, as a policy so obtained is a mere wager, and void.

2. ———— *Fraud on Insurer.* The sale and transfer of a policy of insurance by the beneficiaries thereof, during the life of the insured, to one who has no insurable interest in the life of the insured, either as a relative or as a creditor, is a fraud upon the insurance company by which it was issued.

3. TRANSACTION AGAINST PUBLIC POLICY; *Policy, When Worthless.* Where the beneficiaries of a policy of insurance, for a valuable consideration, sell, transfer and assign the policy to a person who has no insurable interest in the life of the insured, and such person retains possession of the policy until after the death of the insured, and after serving proof of death ascertains the policy cannot be collected in his hands, returns the same to the beneficiaries with the word "Canceled" written across the face of the assignment, the transaction between the beneficiaries and the assignee is against public policy, and not to be tolerated by law; therefore the policy is worthless and void, not only in the hands of the person having no insurable interest in the life of the insured, but also in the hands of the beneficiaries and their assignee.

*Error from Doniphan District Court.*

ACTION by *McCrum* against *The Missouri Valley Life Insurance Company,* to recover upon a certain policy issued by said company. April 3, 1885, the plaintiff recovered a judgment against the defendant for $525.05, and costs. *The Company* brings the case to this court. The opinion states the material facts.

*T. A. Hurd,* for plaintiff in error.

*W. D. Webb,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On July 10, 1872, the Missouri Valley Life Insur-

ance company issued and delivered to Daniel Snyder its paid-up policy of insurance on his life, for the sum of $502.65, payable to Elizabeth and Desylvia Snyder, his children, in sixty days after due notice and proof of his death.   On June 12, 1883, Daniel Snyder and Elizabeth and Desylvia Snyder executed a written instrument of assignment on the back of the policy, as follows:

"TROY, KANSAS, June 12, 1883.—For value received, without recourse on me, I hereby sell and assign to C. M. Parker the within policy, and authorize her to receive, collect and receipt for any money that may be paid thereon.

DANIEL SNYDER.<br>ELIZABETH SNYDER.

Witness: A. PERRY."        DESYLVIA SNYDER.

The policy of insurance with the written indorsement thereon was at the time of its execution delivered to Mrs. C. M. Parker, who paid a valuable consideration therefor.   On November 14, 1883, Daniel Snyder died.   After the death of Daniel Snyder, and prior to August 2, 1884, Mrs. Parker wrote the word "Canceled" across the face of said assignment, on the back of the policy, and signed the same, "Canceled.— C. M. PARKER."   Mrs. Parker then delivered the policy to Elizabeth Snyder and Desylvia Kinsey, née Snyder.   On August 2, 1884, Elizabeth Snyder and Desylvia Kinsey executed another written instrument of assignment on the back of the policy, as follows:

"For value received, we hereby sell and assign to Joseph McCrum the within policy, and authorize him to collect the same.

August 2, 1884.        ELIZABETH SNYDER.
DESYLVIA KINSEY."

At said time Elizabeth Snyder and Desylvia Kinsey delivered the policy of insurance with all the indorsements thereon to Joseph McCrum, who commenced this action in the court below to recover the amount of the insurance policy.   Mrs. Parker was not in any way related to nor a creditor of Daniel Snyder.   The proof of death of Daniel Snyder was presented on behalf of Mrs. Parker, about December 26, 1883, and this

embraced the affidavits of Elizabeth Snyder and Desylvia Kinsey, and also the certificate of the physician who attended Daniel Snyder to the time of his death.

Under the circumstances, we do not think that McCrum can recover upon the policy. It was decided in *Insurance Co. v. Sturges*, 18 Kas. 93, that —

"A person who has no interest in another's life cannot purchase or take by assignment an insurance policy on such life. Such a thing would be clearly against public policy, and is not authorized by law."

To the same effect are: *Warnock v. Davis*, 104 U. S. 775; *Gilbert v. Moose*, 104 Pa. St. 74; *Ruth v. Katterman*, 112 id. 251; May Ins., 2d ed., § 74.

The exact question now at issue was not passed upon in *Insurance Co. v. Sturges*, because in that case the insurance company only claimed the assignment was void. Mrs. Parker, who accepted the assignment and paid for the policy, had no insurable interest in the life of the insured ; therefore the policy was not assignable to her; she took the policy solely for the purpose of speculation; the speculation was upon the life of the insured, and the sooner that was determined, the better the speculation; the policy so obtained was a mere wager, and

1. Void policy.

2. Fraud on company.

void. The sale and transfer thereof to Mrs. Parker by Elizabeth and Desylvia Snyder, the beneficiaries, was an attempted fraud upon the insurance company by which it was issued. After Mrs. Parker took the policy, if she could collect anything thereon she was thereby directly interested in the early death of the insured. The insurance company issuing the policy did not intend it should reach or belong to anyone directly interested in his death. The law will not permit a person thus interested to enforce a policy of insurance; all such speculation, or traffic in human life, independent of any statute, is condemned as being against public policy, and therefore not to be tolerated.

All the time Mrs. Parker had possession of the policy she believed that upon the death of the insured she would be

paid the full amount thereof.    All this time she was directly interested in the speedy death of the insured.    This policy was placed in her possession, not only with the written consent of the beneficiaries, but upon a valuable consideration paid to them for the same; they therefore aided in creating, in the mind of Mrs. Parker, a desire for the early death of the insured; they held out to her the temptation to bring about the event insured against.    Mrs. Parker was not successful in obtaining any money upon the policy, because she ascertained after the service of proof of death by her that it could not be collected in her hands, and therefore handed the same back to the beneficiaries.    The law does not tolerate attempted frauds any more than it does those that are consummated.    In making the transfer and assignment, and in receiving the money therefor, the beneficiaries, Elizabeth and Desylvia Snyder, were participants with Mrs. Parker in the attempted fraud

3. Transaction, against public policy. upon the insurance company; the whole transaction between the beneficiaries and Mrs. Parker contravenes public policy, and the law leaves the parties as it found them.    As Mrs. Parker cannot enforce the policy, and as the transfer and assignment of the policy to Mrs. Parker by the beneficiaries is against public policy and under the ban of the law, the beneficiaries ought not to be permitted to enforce the policy; their assignee, McCrum, stands in their shoes, and is entitled to no greater rights or privileges than they are.

If Mrs. Parker, before the death of the insured, had demanded from the beneficiaries the money that she had paid for the assignment, upon the ground that the sale to her was void, she could not have recovered.    If the beneficiaries can now recover, they are doubly benefited by the questionable transaction in which they were engaged : first, by receiving the value of the policy from Mrs. Parker; and second, by receiving the value of the policy again from McCrum.

It was said in the case of *Gilbert v. Moose*, supra, that "So fraught with dishonesty and disaster, and so dangerous

to even human life, has this life-insurance gambling become, that its toleration in a court of justice ought not for a moment to be thought of." If the party who attempts to speculate in human life cannot enforce the policy which he has purchased on the life of another, in whose life he has no insurable interest, the beneficiaries who knowingly and purposely sell and assign to such a person the policy on the life of another for a valuable consideration ought not thereafter to be permitted to enforce the same for their own benefit. If, under all the facts of this case, the beneficiaries, or their assignee, could recover, the law forbidding the assignment of policies of insurance to parties who have no insurable interest might be readily avoided. If Mrs. Parker had been a creditor of the insured for any sum, the assignment would have been a valid contract as security for the same, and upon the death of the insured the assignee could have collected any sum lent to or owed by the insured, and the balance would have belonged to the beneficiaries or their assignee. Such a case is not presented.

*Frank v. Insurance Co.*, 6 N. E. Rep. 667, (N. Y. Court of Appeals,) is referred to as an authority that the beneficiaries can maintain an action upon the policy notwithstanding the assignment to Mrs. Parker. The courts of New York hold that a valid policy of insurance effected by a person upon his own life is assignable like an ordinary chose in action, and that the assignee is entitled upon the death of the insured to the full sum, payable without regard to the consideration given by him for the assignment, or to his possession of any insurable interest in the life of the insured. (*St. John v. Insurance Co.*, 13 N. Y. 31; *Valton v. Assurance Co.*, 20 id. 32.) This court refused to follow the decisions of New York in *Insurance Co. v. Sturges*. The decision in *Frank v. Insurance Co.*, supra, was rendered under a statute making a policy procured on the husband's life, for the benefit of the wife, unassignable. The validity of an assignment of a policy to one having no insurable interest in the life of the

insured did not enter into the case; there was a want of power to assign. Therefore that case has no affinity with the one under consideration.

Finally, it is insisted as there is no claim in the answer of the insurance company that the assignment of the policy to Mrs. Parker was invalid, the insurance company had no right subsequently to urge that the assignment was worthless, or the policy non-enforceable, on account of such assignment. The issues of a case are made up from all of the pleadings. The amended reply of the plaintiff below stated that Mrs. Parker "had no insurable interest in the life of Daniel Snyder, and that the assignment to her was void." The question is whether upon the whole case, as presented, the plaintiff is entitled to recover. It is not for the sake of the insurance company that the transactions between the beneficiaries and Mrs. Parker are held wrongful, but such rule is founded on general principles of public policy forbidding speculative contracts upon human life. In all such cases the courts ought not to lend their aid to assist parties engaged in the perpetration or attempted perpetration of such wrongful speculations. (*Hinnen v. Newman*, 35 Kas. 709; *Insurance Co. v. Sturges,* supra.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.