IN THE

# APPELLATE COURTS OF ILLINOIS

## THIRD DISTRICT—MAY TERM, 1893.

52  17
87  671

52   17
92  ¹212

### Edward North et al. v. Benjamin T. Roodhouse, by Prentiss D. Cheney, his Guardian.

1. Costs—*In Chancery, Discretionary.*—The statute (Sec. 18, Ch. 38, R. S.), leaves it to the discretion of the court to award costs in all chancery cases, except when the bill is dismissed by the complainant, or on the motion of defendant for want of prosecution. The discretion thus provided for is a sound legal discretion, and should be so exercised as to work no injustice.

**Memorandum.**—Error to the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

MARK MEYERSTEIN, attorney for plaintiffs in error.

JAMES R. WARD, attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The only question here is as to the action of the court in regard to costs.

The defendant in error filed a bill in chancery for an accounting as to the interest of Peter Roodhouse, deceased, in a partnership engaged in the business of banking.

The partnership was organized by said Peter Roodhouse

and the appellants, Edward North, John North and C. E. Wales; Peter Roodhouse died, leaving his sons, Henry W. Roodhouse and Benjamin T. Roodhouse, his only heirs.

The latter was then an infant of tender years, and his brother, Henry W., was appointed his guardian. Afterward, when the minor attained the age of fourteen, he chose P. D. Cheney to act in that capacity.

The surviving partners made no report to the County Court showing an inventory of the partnership property, but they made a settlement with Henry W. Roodhouse, the first guardian, for and on account of the interest of the ward in the partnership affairs.

The present guardian, not certain whether the interest of the ward had been properly cared for, applied to the surviving partners for a statement of the affairs of the partnership, but was denied access to the books and then filed the bill for an accounting.

Upon a hearing, the court found the issues for the defendants and dismissed the bill, but so divided the cost of the proceeding as to require each one of the surviving partners to pay one-fourth of the same.

The statute, Sec. 18, Ch. 33, leaves it to the discretion of the court to award costs in all chancery cases, except when the bill is dismissed by the complainant, or on the motion of defendant, for want of prosecution. The discretion thus provided for is a sound legal discretion, and should be so exercised as to work no injustice.

We are not prepared to say the court erred in this respect. The failure of the surviving partners to file an inventory of the estate of the firm in the County Court, made it proper for the guardian to ascertain whether his ward had any further interest in the assets of the firm, and the refusal to permit him to investigate the books, was a justification for the filing of the bill. Had the proper inventory been filed, as required by law, no such proceedings would have been necessary.

The court knowing all the details of the case, some of which do not appear on paper, such as the willingness

or unwillingness to proceed to trial, and other matters of that sort, may have felt that there were special reasons for the course taken. Certainly we can not say the discretion was abused.

On the contrary we are inclined to think it was properly exercised. Affirmed.