McGROTTY v. FLETCHER et al.

(Circuit Court, S. D. New York. August 11, 1899.)

PARTIES—RIGHT OF CESTUI QUE TRUST TO SUE—REFUSAL OF TRUSTEE.

A legatee cannot maintain an action against a former executor of the will for an alleged devastavit where there is an administrator c. t. a., except in case the latter cannot properly represent the estate, or refuses to act; and a request by such administrator, in response to a demand for bringing suit, for such information in regard to the evidence as will show the probability of a recovery, cannot be construed as a refusal to sue.

This was a suit by a legatee against the estate of a former executor of the will, based on an alleged devastavit.

J. K. Hayward, for complainant.
William A. Copp, for defendants Fletcher.
Chas. H. Shaw, for defendant Trust Co.

TOWNSEND, District Judge. The complainant herein is the legatee of one George S. Stringfield, deceased. The defendants F. N. Fletcher and E. B. Fletcher are executors of the estate of William Fletcher, and the defendant the Continental Trust Company is the administrator of Stringfield's estate cum testamento annexo. Stringfield left legacies to various persons, including the sum of $1,000 to complainant, but his estate is insufficient to pay the same unless recovery can be had out of a sum alleged to be due it from the estate of William H. Fletcher, upon the following facts: Stringfield had a policy of life insurance for $15,000, which he assigned to said William Fletcher on condition that Fletcher should show an insurable interest therein. Fletcher thereafter paid the premiums until the death of Stringfield. In 1893 the insurance company paid the $15,000 to William Fletcher, and he claimed and retained it as against Stringfield's estate. He and one Schuster were Stringfield's executors. Both died without having paid said legacy to complainant. She claims that said William Fletcher, by appropriating all of said $15,000, was guilty of a devastavit. It is admitted that said W. H. Fletcher had an insurable interest in the life of said Stringfield. It

is unnecessary to state further facts, or to consider the alleged conflict between the state and federal courts as to the question of insurable interest, or the various other legal questions raised by counsel for complainant. The bill alleges as follows:

"That on or about the 25th day of August, 1897, this plaintiff, by her attorney, J. K. Hayward, Esq., caused a demand to be made in writing upon said Continental Trust Company, as such administrator c. t. a., by delivering a copy thereof to the vice president of said company, requiring said company, as said administrator c. t. a., to forthwith bring an action against the estate of William H. Fletcher, to recover said $10,000 for the estate of said George S. Stringfield, or, in the event of its declining so to do, to forthwith notify her of its declination thereof, through her counsel, J. K. Hayward, Esq., of No. 38 Park Row, New York City; and said plaintiff further alleges, upon information and belief, that said trust company, as administrator c. t. a., as aforesaid, subsequently declined to bring said action."

The only evidence relied on to support the allegation that the Continental Trust Company declined to sue is found in the following letters:

"Stringfield Estate. September 28th, 1897.

"J. K. Hayward, Esq.—Dear Sir: The Continental Trust Company, of the city of New York, referring to your letters of August 25th and September 21st last, desires to know full particulars of the evidence, if any there be, which will sustain an action by the company, as administrator c. t. a. of the estate of George S. Stringfield, against the executor of William H. Fletcher, deceased, in order that the company may judge of the propriety of bringing such an action, and decide upon the form of action in case it may seem proper to bring suit. The company does not find in the papers you submit sufficient evidence of the existence of your lien for $500, and would like further information on this point. Yours, truly, Chas. H. Shaw,

"Atty. for Continental Trust Co., as Adm. c. t. a."

"McGrotty v. Trust Co. et al. November 8th, 1897.

"J. K. Hayward, Esq.—Dear Sir: The case I referred to this morning is St. John v. Insurance Co., 13 N. Y. 31, and I understand that case to be controlling. If you can show that my view of the law is incorrect, I will advise the Continental Trust Co. to proceed against Fletcher's executor. In the meantime the Trust Co. does not refuse to bring any proper suit against anyone, but is ready to do anything which should be done to preserve the best interests of the Stringfield estate.

"Yours, truly, Chas. H. Shaw."

This suit was brought on October 4, 1897. It is settled law in the state of New York that a policy of insurance on one's own life is assignable, and that, if the policy be valid in its inception, it is valid in the hands of the assignee, without reference to the amount of the consideration for the assignment. St. John v. Insurance Co., 13 N. Y. 31; Valton v. Assurance Co., 20 N. Y. 32; Olmsted v. Keyes, 85 N. Y. 593. The Continental Trust Company and the said Francis N. and E. B. Fletcher are all residents of the state of New York. The action, therefore, would have to be brought by it in the courts of the state of New York, where such an assignment is valid. It is well settled that the trustee is the proper party to bring a suit in this action, and that the beneficiary is not entitled to sue except by reason of the incompetency of the trustee, or his refusal to act, or because for some other reason he cannot faithfully represent the cestui que trust. Clyde v. Railroad Co., 55 Fed. 448, and cases there cited. The request of the trustee for further information was, therefore, a

reasonable one, and there is no proof of his declination to act. The suit should therefore be dismissed.

This conclusion renders it unnecessary to discuss the other objections to the bill. The other legatees mentioned in the will are not made parties to the bill. It does not appear that this legatee sues for the benefit of any of the other legatees, and the only relief prayed for is for an accounting, and payment to the complainant of the balance due her, and for further general relief. Let the bill be dismissed