## E. H. Neiman v. Morris Wheeler and Mary Wheeler.

1. TENDER—*In Foreclosure Suits.*—A tender in a foreclosure proceeding which does not include solicitor's fees nor costs is insufficient.

2. COSTS—*In Chancery Suits.*—The award of the costs in a chancery proceeding is within the discretion of the chancellor; but that discretion must be fairly exercised and may be reviewed.

**Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded with directions. Opinion filed February 26, 1900.

**Statement.**—Appellant filed her bill of complaint, to foreclose a chattel mortgage given by appellees upon their household goods. The answer of appellees admitted the mortgage, default in payment of the principal note thereby secured, and alleged that interest notes were given to secure payment of usurious interest.

The cause was referred to a master in chancery. The master reported that there was due upon the note the sum of $45.75 after allowing credits; that a solicitor's fee, provided for by the mortgage, should be allowed in the sum of $30, and the master's fees were reported as $30. The master found in effect that there was no usurious interest contracted for.

The court sustained exceptions by appellees to this report. By the decree the court finds that on January 26, 1898, after the suit had been commenced, the appellees tendered to appellant the sum of $43 in full satisfaction and discharge of the mortgage indebtedness, and that said amount has been paid to the clerk of the court; and decrees that this sum be accepted by appellant in satisfaction of her mortgage claim, and that the bill of complaint be dismissed at costs of appellant. From that decree this appeal is prosecuted.

CLARK & CLARK, attorneys for appellant.

Neiman v. Wheeler.

Robert P. Bates and F. J. Hogan, attorneys for appellees.

Mr. Presiding Justice Sears delivered the opinion of the court.

The court was perhaps warranted upon the evidence in finding that there was a contract for usurious interest, and therefore in refusing to allow the full claim of appellant under her mortgage. But there is no theory upon which the court could properly deny relief in the allowing of the claim for principal (less credits), and costs and reasonable solicitor's fees. The mortgage provides for an amount of solicitor's fees which we agree with the chancellor in viewing as exorbitant. But this does not preclude the right to a reasonable solicitor's fee, to be fixed by the court. We regard the evidence of appellees as wholly insufficient to establish the contention that the provision for solicitor's fees was inserted in the mortgage after the execution of it, and we are of opinion that the finding of the master in this respect was right. The tender was clearly insufficient, for it did not include solicitor's fees nor costs. The award of the costs in a chancery proceeding is within the discretion of the chancellor; but that discretion must be fairly exercised and may be reviewed. Linton v. Quimby, 57 Ill. 271; North v. Roodhouse, 52 Ill. App. 17; Hollingsworth v. Koon, 117 Ill. 511.

The decree orders a dismissal of the bill of complaint and at the same time awards the sum of $43 in the hands of the clerk to appellant. The bill should not have been dismissed. The complainant was entitled to some measure of relief, and was in effect awarded relief by the decree which at the same time ordered the bill dismissed.

The decree is reversed and the cause remanded with directions to enter a decree for the amount due to appellant, without the usurious interest, and for the costs, and for such an amount as reasonable solicitor's fees as the court may determine to be equitable. For the latter determination further evidence may be heard if deemed necessary. Reversed and remanded with directions.