## Emma A. Groff v. The Mutual Life Ins. Co., William M. Albin, Edwin P. Miller· and Brooks K. Weber, Adm., etc.

1. Life Insurance—*Effect of an Assignment of a Policy When Prohibited by Law.*—The fact that an assignment of a policy of life insurance to a person having no insurable interest in the life of the insured is prohibited by the laws of a State, is applicable to a defense by the insurer against such assignment but is of no avail when urged by the assignor.

2. Handwriting—*Comparison of Signatures.*—The rule in this State permits a comparison of a signature in dispute with signatures admittedly genuine which are in evidence relative to some issue in the case.

3. Chancery Practice—*Presumptions in Favor of Decrees.*—In proceedings in chancery where evidence is improperly admitted, such evidence will not operate to invalidate the decree. If the decree is sufficiently supported by other evidence in the case, it will be presumed that the court considered only the competent evidence in rendering its decision.

4. Witnesses—*Competency of a Widow in a Controversy with the Administrator of Her Deceased Husband from Whom She Had Been Divorced, Concerning the Assignment of a Policy of Life Insurance.*—In a controversy between a widow and the administrator of her deceased husband, from whom she had been divorced, concerning the validity of an assignment of a policy of life insurance, such widow is incompetent, under the statute, as a witness to deny the assignment.

5. Costs—*In Chancery, Discretionary.*—The awarding of costs in chancery proceedings is discretionary with the chancellor, but such discretion must be a sound legal discretion and must not be so exercised as to do manifest injustice, and is subject to review for abuse.

**Bill of Interpleader.**—Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1900. Affirmed. Opinion filed November 22, 1900.

**Statement.**—This action was begun by a bill of interpleader, filed by the Mutual Life Insurance Company of New York, against appellant and appellees, Albin, Miller and Weber, administrators. The object of the bill was to obtain a determination by the court as to which of the parties thus impleaded was entitled to the proceeds of a

life insurance policy issued by the Mutual Life Insurance Company upon the life of one Lyman W. Densmore, who had died intestate on July 20, 1898. All the defendants answered and set up claim to the fund. Appellant, who is a divorced wife of Lyman W. Densmore, claimed the fund by virtue of an assignment of the policy to her by Densmore, dated March 23, 1880.

Albin claimed the fund by virtue of an assignment to him by Densmore, dated September 11, 1877.

Miller claimed the fund by virtue of an assignment to him by Densmore, dated March 12, 1895.

Weber, as administrator of Densmore, claimed the fund upon the ground that none of the assignments were valid. The policy was by its terms payable to the insured, his executors, administrators or assigns.

The master in chancery, to whom the cause was referred, found from evidence taken before him, that appellant had no right to the fund by reason of the fact that, after the assignment to her, she had assigned the policy to one Levi G. Jones, and that Jones had, in turn, assigned it back to the insured, Densmore. The master also found that Albin and Miller had certain claims upon part of the fund, and that the administrator is entitled to the balance after payment of such claims.

The chancellor entered a decree based upon and in conformity with the recommendation of the master.

This appeal is prosecuted by Emma Densmore Groff only, the other parties to the decree being satisfied with the decree.

HAYNES & COON, attorneys for appellant.

WINSTON & MEAGHER and EDWARD LYMAN SHORT, attorneys for the Mutual Life Ins. Co., appellee; SILAS H. STRAWN, of counsel.

ANGUS ROY SHANNON, attorney for Brooks K. Weber, Adm., appellee; ALBERT B. FORCE, of counsel.

PADDOCK, WRIGHT & BILLINGS, attorneys for W. M. Albin, appellee.

FOLLETT W. BULL, attorney for Edwin P. Miller, appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only question to be determined by the court is as to the right of appellant to any part of the fund. So far as the respective rights of appellees are concerned there is no dispute, except by appellant. Therefore, if the decree is right in adjudging that appellant has no valid claim upon the fund, the contention of appellant as to the relative rights of appellees among themselves is of no importance. The master and the chancellor find that by reason of the assignment of the policy to Jones, appellant surrendered all right which she had acquired in the policy. We have only to determine if this finding, which is the basis of the decree, is supported by the evidence. It is established, and the master finds that in 1880 Densmore, the insured, assigned the policy in question to appellant, who was then his wife. The controversy is as to the assignment which the master and the chancellor find was made by appellant to Jones in 1882. Appellant, by her answer to the bill of interpleader, denied that she had ever made such assignment. Levi G. Jones testified that appellant assigned the policy to him and that he in turn assigned it to Densmore, the insured. Shaw, an expert, testified that in his opinion the signature to the written assignment to Jones was made by the same person who made the signature to a letter, admitted in evidence, and which was signed by appellant. On the other hand, Mrs. Kenley, a sister of appellant, testified that the signature to the assignment was not the handwriting of appellant.

Considering the conflicting evidence, we are not prepared to hold that the finding of the master and chancellor is contrary to the manifest weight of the evidence.

Counsel for appellant contend that the assignment to Jones, having been made in Kansas, is invalid and inopera-

tive, because under the law of that State assignment of a policy of life insurance can not be made to one having no insurable interest in the life insured, and in support of this contention they cite Life Ins. Co. v. McCrum, 36 Kan. 146. The decision in Ins. Co. v. Sturges, 18 Kan. 93, is to like effect. But the contention, if sound as applied to a defense by the company against such an assignment of a policy, is of no avail when urged by the assignor. Life Ins. Co. v. McCrum, *supra*, wherein the court said: "The whole transaction * * * contravenes public policy, and the law leaves the parties as it found them." Here the parties are found with the policy re-assigned to the intestate.

The insurance company here does not seek to avail of such defense, but has paid the money into court to be awarded to appellant or appellees, as the court might adjudge.

Nor can the assignment to Jones be treated as made without any consideration, as contended by counsel, for it purports by its terms to have been made for a consideration, and there is no evidence to the contrary.

Questions as to error in the apportioning of the fund between the appellees are unimportant. Appellees do not complain. If appellant is without interest in the fund she can not complain.

We have, therefore, only to consider if there is any error in procedure which makes the conclusion of master and chancellor invalid.

It is complained that it was error to permit the expert witness, Shaw, to make comparison of the signature in question with the signature to a letter admitted in evidence. The letter being competent evidence in the cause, the rule in this State permits a comparison of the signature in dispute with signatures admittedly genuine which are in evidence relative to some issue in the case. Brobston v. Cahill, 64 Ill. 356; Rogers v. Tyley, 144 Ill. 652; Himrod v. Gilman, 147 Ill. 293.

And if it were true, as contended by counsel for appellant, that the handwriting admitted in evidence was not

relevant and was improperly admitted, and hence a comparison with it was improper, still it would not operate to invalidate this decree, if it can be said that the decree is sufficiently supported by the other evidence in the case. It will be presumed that the court considered only the competent evidence in rendering its decision. Swift v. Castle, 23 Ill. 209; Tunison v. Chamblin, 88 Ill. 378; Treleaven v. Dixon, 119 Ill. 548; Burt v. Burt, 40 Ill. App. 536.

The testimony of Jones is direct and positive, and against it we have only the opinion of Mrs. Kenley. Jones appears as a disinterested witness, and if the decree rested upon his deposition alone, we could not say that it was manifestly against the weight of the evidence.

It is contended that the court erred in excluding the proposed testimony of appellant as to the execution of the assignment to Jones. She was prosecuting a suit to which the administrator of Densmore was a party. The contest was between the administrator, as such, and appellant. If the issue raised by the alleged assignment to Jones was decided against appellant, the administrator was entitled to the fund, subject to such claims of the other appellees as might prevail, and a decree to that effect resulted. On the other hand, if appellant had prevailed, the administrator, as such, was defeated in his claim on behalf of the intestate's estate. Under the provision of section 2, chapter 51, R. S., appellant was incompetent as a witness to deny the assignment. The decision in Eich v. Sievers, 73 Ill. 194, is not in point. In that case the administrator was improperly a party to the suit. In this case the claim of appellant was in direct conflict with the interests of the estate, and the interests of all other appellees were based upon the interest of the estate.

There was no error in excluding the proposed testimony as to a conversation between appellant, one Salomon, and appellee Miller. The statement sought to be proved was hearsay.

The evidence as to proceedings in a New Hampshire court, if improperly admitted, must be presumed to have

been disregarded by the chancellor upon the authorities above noted.

The assignment of error that the court erred in refusing to allow appellant to withdraw her answer and file a demurrer to the bill of interpleader, can not avail appellant. The ruling of the court can not be held to be error, and the whole matter is disposed of by the fact that her solicitors afterward stipulated that all the respective answers of appellees to the bill of interpleader should stand as pleadings in the issues between appellees.

Finally, it is contended that the court erred in awarding all the costs against appellant. The discretion exercised by the chancellor in awarding costs must be a sound legal discretion, must not be so exercised as to manifest injustice, and is subject to review for abuse. Hollingsworth v. Koon, 117 Ill. 511; North v. Roodhouse, 52 Ill. App. 17.

Upon such review we are not prepared to hold that there has been here any abuse of discretion. The whole contest turned upon the claim of appellant to the fund. If she prevailed, no one of the appellees had any interest. It was only in case that she was defeated that the respective interests of the appellees became of importance.

Counsel for appellant charge that certain of the appellees were acting in concert in the trial. The appellees are now all agreed in asking for the affirmance of the decree. That appellant, who represented one side of the contest and was defeated therein, should pay the costs of such contest, can not be said to be manifestly unjust. The decree is affirmed.