Davis, C. J.
The plaintiffs in error in both of these cases seem to have defended in the courts below, and to contend here, on the theory that a life insurance policy is merely a contract for indemnity, and therefore, upon the assumption that the policies were taken out to secure the company against loss of the services of Gainor by his death while connected with the company, if an insurable interest ever did exist in the company, it ceased when Gainor severed his connection with the company; and hence when Gainor died the proceeds of the one policy belonged to GainoCs estate and. of the other policy to Gainor’s wife, subject only to reimbursement to the glass company of ' the premiums paid thereon, with. interest. This contention seems to us to be untenable for several reasons.
In the first place, it is a misconception of the law to insist that a life insurance policy is a contract of indemnity merely. The later and better considered view is that a contract of life insurance is not a contract of indemnity, - but is a contract to pay to the beneficiary a certain sum of money *226 in the event of death. 1 Joyce on Insurance, Sec. 26. So that, if the policy was valid in its inception and remained valid until its maturity, the beneficiary is entitled to the whole of the stipulated sum. Again, it does not appear that the purpose of the insurance was limited to indemnifying the company against loss by the death of Gainor while connected with the company. In the absence of any showing to the contrary, it may have been, and probably was in part, intended to secure the company against loss of his services at any time and in any way; and the courts below expressly find that Gainor represented that these policies belonged to, and were assets of, the company, and that he thereby obtained credit from banks and creditors and induced other persons to purchase stock in the company. From all this it may justly be inferred that such was the principal purpose to be effected by the insurance; and Gainor and his legal representatives would be estopped from claiming the contrary. And further, it thus distinctly appearing that the company had a direct pecuniary interest in the life and personal services of Gainor, the insurance for the benefit of the company was based on an insurable interest and was valid; and whether such insurable interest continued until the maturity of the policies or ceased before the maturity of the policy in the one case or ceased before the written assignment in the other case, is not material; for it has been held that the want of insurable interest is available only to the insurer, Chicago Title & Trust Co. v. Haxtun, 129 Ill. App., 626; Langford v. Freeman, 60 Ind., 55; and if that is too broad a statement of *227 the law, there is abundant authority for holding that when the insurer has recognized the validity of the policy by paying the amount of the policy to the beneficiary, or into 'court, other parties claiming an interest in the fund cannot object on the ground that the beneficiary named in the policy had no insurable interest. Langford v. Freeman, 60 Ind., supra; Standard Life & Accident Ins. Co. v. Catlin, 106 Mich., 138; Mechanicks National Bank v., Comins, 72 N. H., 12; Hosmer v. Welch, 107 Mich., 470; Diffenbach & Roemer v. New York Life Ins. Co., 61 Md., 370; Groff v. Mutual Life Ins. Co., 92 Ill. App., 207; Johnson v. Van Epps, 110 Ill., 551; Grigsby v. Russell, 222 U. S., 149, per Holmes, J., p. 155. And see, also, Lewis v. Phoenix Mut. Life Ins. Co., 39 Conn., 100; Hurd v. Doty, 86 Wis., 1. In the cases at bar, the insurer has waived any defense and has paid the money into court.
It is earnestly contended with especial reference to case No. 12730, that the written assignment to the glass company of the policy for the benefit of Mrs. Gainor, having been made after Gainor left the service of the company, was made when no insurable interest could exist; and therefore that the company as an assignee without insurable interest could acquire no title. This contention not only ignores the fact that a policy of life insurance may. be assigned by parol and that this policy was assigned by parol, and, as found by the circuit court, without fraud or false representations on part of the assignee, Mrs. Gainor ratified the parol assignment by making the written one; but the fundamental proposition which is invoked to sus *228 tain the contention is not law in this state. In Eckel v. Renner, 41 Ohio St., 232, it was held that: “One who has obtainéd a valid insurance upon his own life may dispose of it as he may see fit in the absence of prohibitory legislation or contract stipulation. It is immaterial, in such case, that the assignee has no insurable interest.” That such is the prevailing rule, and that it is based upon sound reasons, is amply borne out by the citations in the briefs of counsel and in the opinion of the court, by Mr. Justice Holmes, in Grigsby v. Russell, 222 U. S., 149, in which case Russell v. Grigsby, 168 Fed. Rep., 577, cited on behalf of the plaintiff in error, was reversed.
We are referred to Revised Statutes, Section 3628 (now distributed in General Code, Sections 9393, 9394, 9395 and 9396) as “prohibitory legislation,” such as is referred to in Eckel v. Renner, supra. Wé do not so construe it. The right of a person to insure his own life for the benefit of persons other than his wife and children is not prohibited. The whole scope and purpose of the section is to define and protect the respective rights of the wife or widow, and children, and the creditors of the person upon whose life a policy has been issued.
For the reasons stated, it is apparent that the judgments below must be, and they accordingly are

Affirmed.

Spear, Shauck, Johnson and O’Hara, JJ., concur. Donahue, J., did not take part in the decision of these cases.